Gray Horse, Inc., Appellant, v. Limbach, Tax Commr., Appellee.

[Cite as *Gray Horse, Inc. v. Limbach* (1993), 66 Ohio St.3d 631.]

(No. 92–1775—Submitted April 27, 1993—Decided July 14, 1993.)

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.*, for appellant.

*Lee I. Fisher*, Attorney General, and *Steven L. Zisser*, Assistant Attorney General, for appellee.

*Per Curiam.* R.C. 5733.06 calculates the franchise tax on the net-worth and net-income bases and charges the corporation the higher amount. R.C. 5733.05(A) sets forth the value of the issued and outstanding shares of stock of a taxpayer under the net-worth basis as:

"The total value, *as shown by the books of the company*, of its capital, surplus, whether earned or unearned, undivided profits, and reserves * * *." (Emphasis added.)

In *Natl. Tube Co. v. Peck, supra*, paragraphs three, four, and five of the syllabus, we stated:

"3. The book value of an asset at any given time may be more or less than its value. (Paragraph nine of the syllabus in *Opdyke v. Security Savings & Loan Co.* [1952], 157 Ohio St., 121 [47 O.O. 97, 105 N.E.2d 9], approved and followed.)

"4. In the absence of statute, the books of account and bookkeeping records of a business may legally be kept and maintained in accordance with any sound and generally recognized and approved accounting system.

"5. Under Sections 5497 [now R.C. 5733.03] and 5498 [now R.C. 5733.05], General Code, 'book value' should be determined from the books of a corporation which are generally regarded as the accounting records of such corporation and are kept in the ordinary course of the business of the corporation in accordance with any sound and generally recognized and approved accounting system, even though other records of the corporation may disclose that the market value of some of the assets of the corporation differs from the value thereof recorded in such books. (Paragraphs one, two and three of the syllabus in *Wheeling Steel Corp. v. Evatt, Tax Commr.* [1944], 143 Ohio St., 71 [28 O.O. 21, 54 N.E.2d 132], approved and followed.)"

Gray Horse argues that it reported the value of these shares on the franchise tax returns according to generally recognized and approved accounting methods. The commissioner responds that Gray Horse did not establish that it had so reported these values and that the BTA correctly affirmed her order. We agree with Gray Horse and reverse the BTA's decision.

The BTA's factual finding undermines the commissioner's argument. The BTA determined that the tax-basis method, on which basis Gray Horse accounted for the transfer of the shares to it in 1976, listed the shares in its records since then, and reported the value of these shares in all its franchise tax returns, is a generally accepted and recognized method of accounting. This finding has record support. Two certified public accountants testified that this was an acceptable method to report the shares. We do not overrule findings of fact of the BTA that are based upon sufficient, probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257.

On the other hand, both accountants testified that the hybrid valuation of the shares for the federal tax returns was not a generally accepted accounting practice. The accountant who prepared the returns testified that he created this value to justify a salary expense; the other accountant, who testified as an expert, stated that he had not seen the federal valuation method before.

Moreover, we fail to detect the windfall for Gray Horse that prompted the BTA's finding. Reporting an inflated value to justify a $100,000 salary may have avoided the Internal Revenue Service's questioning this expense and spared Gray Horse the cost of withstanding an audit. However, the justification for this salary expense stands or falls on the effort Osborne expended to manage the assets, not the value of Gray Horse's holdings.

As to inconsistency with the federal return, R.C. 5733.031(B), cited by the BTA in support of its decision, requires a taxpayer's accounting method under R.C. 5733.05(B), the *net-income* basis for the franchise tax, to be consistent with its accounting method for the federal income tax. R.C. 5733.031(B) does not mention R.C. 5733.05(A), the net-worth basis. R.C. 5733.031(B) does not require that the net-worth accounting method be consistent with the federal return method.

Accordingly, under the above authority, we reverse the decision of the BTA because the decision unlawfully increases the value of shares held by Gray Horse above the value carried on Gray Horse's books, which Gray Horse kept under a sound and generally recognized and approved accounting system.

*Decision reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.