[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 395.]

SHV NORTH AMERICA CORPORATION, APPELLEE, *v*. TRACY, TAX COMMR.,
APPELLANT.

[Cite as *SHV N. Am. Corp. v. Tracy*, 1994-Ohio-29.]

*Taxation—Franchise tax—Application of R.C. 5733.05 in establishing value of corporation's stock—Company preparing its franchise tax return on the net worth basis is bound by its books, when -- Board of Tax Appeals properly accepted values of separate subsidiaries of company as reflected by the company's books, when.*

(No. 93-1166—Submitted December 20, 1993—Decided September 28, 1994.)

APPEAL from the Board of Tax Appeals, No. 91-K-841.

———————————

{¶ 1} The Tax Commissioner, appellant, appeals the decision of the Board of Tax Appeals ("BTA") which allowed the application of appellee, SHV North America Corporation ("SHV"), for a refund of franchise tax for tax year 1987 in the amount of $50,505.

{¶ 2} SHV owns all the stock of six separate subsidiaries and maintains separate accounts on its books for each such investment. SHV contends that it filed its franchise tax return and paid Ohio franchise tax on its net worth, computed pursuant to R.C. 5733.05(A), but erroneously included in its net worth amount the recorded appreciation of two of its subsidiaries. The value of each of the other subsidiaries declined during the tax year.

{¶ 3} The cause is now before the court upon an appeal as of right.

———————————

*Taft, Stettinius & Hollister* and *Stephen M. Nechemias*, for appellee.

*Lee Fisher*, Attorney General, and *Steven L. Zisser*, Assistant Attorney General, for appellant.

_____

**Per Curiam.**

{¶ 4} We affirm the BTA's decision.

{¶ 5} R.C. 5733.05 establishes the value of a corporation's stock for franchise tax purposes, as follows:

"(A) The total value, *as shown by the books of the company*, of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but *exclusive* of:

"* * *

"(4) Good will, *appreciation*, and abandoned property as set up in the annual report of the corporation * * *."  (Emphasis added.)

{¶ 6} The Tax Commisioner asserts that, in computing  net worth under this statute, SHV's exclusion for appreciation must be reduced by the "negative appreciation" of subsidiaries which have incurred losses.  SHV contends, to the contrary, that R.C. 5733.05(A)(4) allows an exclusion for any recorded appreciation, without taking into consideration those other accounts which reflect losses; and that the statute does not require the "netting" of accounts.

{¶ 7} We agree with SHV that it is unnecessary to interpret the word "appreciation" to include "negative appreciation," and that it is unreasonable and unlawful to add to the statute words not employed by the General Assembly therein. *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 28, 53 O.O.2d 13, 15, 263 N.E.2d 249, 251; *Storer Communications, Inc. v Limbach* (1988), 37 Ohio St.3d 193, 194, 525 N.E.2d 466, 467.

{¶ 8} The commissioner's reliance upon state income tax cases which deal with "netting" of value is not appropriate.  A company in preparing its franchise tax return on the net worth basis is bound by its books if they are kept according to sound and generally recognized and approved accounting methods.  SHV kept separate accounts of its investments in each of its six subsidiaries without netting

them, and this practice, according to the evidence, is a sound and generally recognized and approved accounting method. See *Gray Horse, Inc. v. Limbach* (1993), 66 Ohio St.3d 631, 633, 614 N.E.2d 1038, 1039. Thus, the BTA properly accepted the values as reflected by SHV's books because SHV reported the appreciation in its franchise tax return as it had on its corporate books.

{¶ 9} Accordingly, the decision of the BTA is neither unreasonable nor unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____