WHEELING STEEL CORP., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Wheeling Steel Corp. v. Porterfield (1970), 24 Ohio St. 2d 24.]

(No. 70-2—Decided September 24, 1970.)

26

*Messrs. Dargusch & Day, Mr. Roger F. Day* and *Mr. Frances St. C. O'Leary,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. R. A. Malrick,* for appellee.

DUNCAN, J. The narrow question before us is whether the property in issue is excepted from sales and use taxation by virtue of former R. C. 5739.02(B)(18) and R. C. 5741.02(C)(2). We hold that the railroad rails, ties, and related items are excepted from sales and use taxation.

Appellant's claimed exception, pursuant to former R. C. 5739.02(B)(18), actually is a case of first impression in this court. The cases cited by the parties (*France Co.* v. *Evatt* [1944], 143 Ohio St. 455; and *Mead Corp.* v. *Glander* [1950], 153 Ohio St. 539) were decided before former R. C. 5739(B)(18) was enacted. Compare G. C. 5546-2 with 129 Ohio Laws 1336 (effective January 2, 1962). The *France* and *Mead* cases were directly concerned with the definition of "retail sale" in G. C. 5546-1, which is comparable to present R. C. 5739.01(E)(2). Former R. C. 5739.02(B) (18), the statute in issue in the present case, was not involved in either of those cases. Therefore, any reliance upon those cases must be made with cognizance of the statutory changes.

During the audit period former R. C. 5739.02(B) read as follows:

"(B). The tax does not apply to the following:

"* * *

"(18) Sales to persons engaged in manufacturing proc-

essing, assembling, or refining, of protective shipping materials, or handling and transportation equipment, except motor vehicles licensed to operate on the public highways, used in intra or inter plant transfers or shipments of tangible personal property in the process of production for sale by manufacturing, processing, assembling, or refining, where the plant or plants within or between which such transfers or shipments occur are operated by the same person * * *.''

The exception therein covered two types of sales, i. e., sales to certain persons of protective shipping materials and sales to certain persons of handling and transportation equipment where the stated exceptions and qualifications are met. The instant case is concerned only with the latter exception.

For the exception to be available here, former R. C. 5739.02(B)(18) required only that the property be transportation equipment used in intra or inter plant transfers of tangible personal property in the process of production for sale by manufacturing where the plant or plants involved are operated by the same person. Both parties agree that the property involved is used for transportation within and between plants of personal property being processed, but disagree concerning the Tax Commissioner's position which, in effect, will permit exemption only if the property remains tangible personal property.

The fact that the tangible personal property may be used in such a way as to possibly become real estate has no relevance to the exception in question so long as the use meets the specific requirements of the statute. The effect of the board's decision is to legislate a further requirement into R. C. 5739.02(B)(18), to wit, ''provided that any transportation equipment must remain tangible personal property after installation and during its use.'' The addition of such a requirement is both unlawful and unreasonable.

Neither the Board of Tax Appeals, nor this court, may legislate to add a requirement to a statute enacted by

the General Assembly. In determining the legislative intent of a statute "it is the duty of this court to give effect to the words used [in a statute], not to delete words used *or to insert words not used."* (Emphasis added.) *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.,* 20 Ohio St. 2d 125, at 127. If the General Assembly intended to impose the requirement which the board and the Tax Commissioner advocate it would have written it into the statute, just as it recently did in enacting a similar requirement in subparagraph (Q) of R. C. 5739.01.[2] (See 132 Ohio Laws 1981, 1985.) Although R. C. 5739.02 was also amended in the same session of the General Assembly, it did not add such a requirement in its amendment of present R. C. 5739.02(B)(16), and it is not within our province to do so. Therefore, we find it unnecessary to decide whether, after purchase, the property became real property.

Appellant's purchase of rails, ties and related accessories is excepted from sales taxation by virtue of former R. C. 5739.02(B)(18) and from use taxation by virtue of R. C. 5741.02(C)(2). We find that the decision of the Board of Tax Appeals is unreasonable and unlawful, and its decision is, therefore, reversed.

*Decision reversed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

[2] "(Q) 'Used directly in the rendition of a public utility service' means that property which is to be incorporated into and will become a part of the consumer's production, transmission, transportation, or distribution system and which retains its classification as tangible personal property after such incorporation; fuel or power used in the production, transmission, transportation, or distribution; and tangible personal property used in the repair and maintenance of the production, transmission, transportation or distribution system, including only such motor vehicles as are specially designed and equipped for such use."