64

ARMCO STEEL CORP., APPELLANT, *v.* BUTLER COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as Armco Steel Corp. v Board of Revision (1975), 42 Ohio St. 2d 64.]

(No. 74-422—Decided April 9, 1975.)

Messrs. *Dargusch & Day*, Mr. *Carlton S. Dargusch, Jr.*, and Mr. *Roger F. Day*, for appellant.

Mr. *John F. Holcomb*, prosecuting attorney, and Mr. *Russell A. Malrick*, for appellees.

*Per Curiam.* The question presented is whether standard gauge railroad tracks, used in conjunction with special gauge tracks which, together, comprise an in-plant rail network for the transportation of material from one processing point to another in the course of manufacturing steel, are properly classified as real property for taxation purposes.

R. C. 5701.02 reads:

"As used in Title LVII of the Revised Code, 'real property' and 'land' include land itself, whether laid out in town lots or otherwise, all growing crops, including deciduous and evergreen trees, plants, and shrubs, with all things contained therein, and, unless otherwise specified, all buildings, structures, improvements, and fixtures of

whatever kind on the land, and all rights and privileges belonging or appertaining thereto.''

The railroad tracks involved are not among the items enumerated in R. C. 5701.02, and appellees do not argue that the tracks are mentioned in any other section of R. C. Title 57, within the meaning of the phrase ''unless otherwise specified.'' The tracks are neither improvements to the land nor fixtures because, from the record, this court finds that the tracks are devoted primarily to steel making on the premises and not to the use or benefit of the land.

In addition, we find that the test apparently applied by the Board of Tax Appeals—whether the tracks would be of possible benefit to a subsequent purchaser of the realty—in determining that standard gauge tracks are real property and that special gauge tracks are tangible personal property, constitutes an impermissible addition to R. C. 5701.02 of property which is possibly useful or beneficial to those other than the present user. *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 27. Where two types of tracks are used in the same manner and for the same purposes, as here, any classification based upon such a test is arbitrary.

Accordingly, that part of the decision of the Board of Tax Appeals which held that the subject tracks are real property for taxation purposes is unreasonable and unlawful, and it is, therefore, reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.