SPARTAN CHEMICAL COMPANY, INC., APPELLANT,
*v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Spartan Chem. Co. v. Tracy* (1995), 72 Ohio St.3d 200.]

(No. 94–1119—Submitted February 16, 1995—Decided May 17, 1995.)

*Marshall & Melhorn, Reeve W. Kelsey, Jessica R. Christy* and *Richard M. Kerger,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

*Per Curiam.* The decision of the BTA is affirmed.

The applicable statute, R.C. 5741.16, is clear and unambiguous. As pertinent, it provides:

"No assessment shall be made or issued against a seller or consumer for any tax imposed by * * * section 5741.02 * * * of the Revised Code more than four years after the return date for the period in which the sale or purchase was made, or more than four years after the return for such period was filed, whichever date is later. This section does not bar an assessment:

" * * *

"(B) When the person assessed failed to file a return as required by section 5741.12 of the Revised Code."

Former R.C. 5741.12, now 5741.12(B), as pertinent, provides:

"Every person storing, using, or consuming tangible personal property, the storage, use, or consumption of which is subject to the tax imposed by or pursuant to section 5741.02 * * * of the Revised Code, when such tax was not paid to a seller, shall * * * file a return * * *."

Spartan concedes that it failed to file a use tax return. However, it argues that its payment of the sales and use tax assessment resulting from the January 1, 1981 through December 31, 1983 audit is functionally equivalent to the filing of a use tax return.

We need not determine whether payment of the assessment was functionally equivalent to the filing of a return. The statute is clear on its face; the assessment is not time-barred if the taxpayer fails to file a return as required by R.C. 5741.12. The statute does not mention a "functionally equivalent" return. This court may not add to or delete from the language of applicable statutes. *R.W. Sidley, Inc. v. Limbach* (1993), 66 Ohio St.3d 256, 257, 611 N.E.2d 815, 817; *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 53 O.O.2d 13, 263 N.E.2d 249.

Accordingly, the BTA's decision affirming the commissioner's order was reasonable and lawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.