[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 200.]

SPARTAN CHEMICAL COMPANY, INC., APPELLANT, *v*. TRACY, TAX COMMR.,
APPELLEE.

[Cite as *Spartan Chem. Co. v. Tracy*, 1995-Ohio-237.]

*Taxation—Sales and use taxes—Assessment not time-barred if taxpayer fails to file a return as required by R.C. 5741.12.*

(No. 94-1119—Submitted February 16, 1995—Decided May 17, 1995.)

APPEAL from the Board of Tax Appeals, No. 91-Z-1578.

_____

{¶ 1} Appellant, Spartan Chemical Company, Inc., purchased a 1973 fifty-three-foot Hatteras motor yacht, named the Hidilution, on September 26, 1980.  The yacht was brought to Ohio first, in May 1981, but was later used in Florida.  No sales or use tax was paid.

{¶ 2} On June 7, 1983, the Tax Commissioner of Ohio, appellee, contacted owners of watercraft registered through the Coast Guard.  A tax agent inquired of Spartan as to whether sales or use tax was due on the Hidilution.  On June 21, 1983, Spartan's executive vice-president responded that the Hidilution had been purchased in Michigan and was "taken to pier 66 in Fort Lauderdale, Florida.  Except for a few casual trips in Ohio and Michigan the majority of the time is spent in Florida.  In view of the purchase in Michigan and the regular docking of the Hidilution in Florida, no sales or use tax would be due in Ohio."  The commissioner took no further action to assess the boat at that time.

{¶ 3} In 1985, the commissioner conducted an audit of Spartan's records for the audit period January 1, 1981 through December 31, 1983.  The audit resulted in an assessment on January 29, 1985 of $27,413.43 in sales and use taxes; the commissioner did not assess any tax on the purchase of the Hidilution.  Spartan paid the assessment in full.

**{¶ 4}** In 1990, the commissioner, investigating boats docked or stored at the Toledo Yacht Club, discovered the Hidilution. The commissioner issued a use tax assessment and penalty against Spartan for $10,091.25. Spartan petitioned for reassessment, contending that the four-year statute of limitations of R.C. 5741.16 barred the assessment and that the full payment of sales and use taxes for the period January 1, 1981 through December 31, 1983 was the "functional equivalent" of having filed a use tax return, under R.C. 5741.16.

**{¶ 5}** The commissioner found that the failure to file a use tax return made the statute of limitations inapplicable. On appeal, the Board of Tax Appeals ("BTA") affirmed the commissioner's order.

**{¶ 6}** The cause is now before this court upon an appeal as of right.

_____

*Marshall & Melhorn*, *Reeve W. Kelsey*, *Jessica R. Christy* and *Richard M. Kerger*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

**{¶ 7}** The decision of the BTA is affirmed.

**{¶ 8}** The applicable statute, R.C. 5741.16, is clear and unambiguous. As pertinent, it provides:

"No assessment shall be made or issued against a seller or consumer for any tax imposed by * * * section 5741.02 * * * of the Revised Code more than four years after the return date for the period in which the sale or purchase was made, or more than four years after the return for such period was filed, whichever date is later. This section does not bar an assessment:

"* * *

"(B) When the person assessed failed to file a return as required by section 5741.12 of the Revised Code."

{¶ 9} Former R.C. 5741.12, now 5741.12(B), as pertinent, provides:

"Every person storing, using, or consuming tangible personal property, the storage, use, or consumption of which is subject to the tax imposed by or pursuant to section 5741.02 * * * of the Revised Code, when such tax was not paid to a seller, shall * * * file a return * * *."

{¶ 10} Spartan, concedes that it failed to file a use tax return. However, it argues that its payment of the sales and use tax assessment resulting from the January 1, 1981 through December 31, 1983 audit is functionally equivalent to the filing of a use tax return.

{¶ 11} We need not determine whether payment of the assessment was functionally equivalent to the filing of a return. The statute is clear on its face; the assessment is not time-barred if the taxpayer fails to file a return as required by R.C. 5741.12. The statute does not mention a "functionally equivalent" return. This court may not add to or delete from the language of applicable statutes. *R.W. Sidley, Inc. v. Limbach* (1993), 66 Ohio St.3d 256, 257, 611 N.E. 2d 815, 817; *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 53 O.O.2d 13, 263 N.E.2d 249.

{¶ 12} Accordingly, the BTA's decision affirming the commissioner's order was reasonable and lawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————