OPINION
Respondent-appellant, Nicole Harrison, appeals a judgment of the Warren County Court of Common Pleas, Domestic Relations Division, issuing a civil protection order ("CPO") against her. We affirm the decision of the trial court.
Appellant and Lance Couch are the biological parents of Emily, age five, and Stephanie, age nine. Appellant and Couch divorced in 1998. Under the terms of their shared parenting plan, the girls live with Couch every other weekend and with appellant the remaining time.
Appellant is currently married to Steve Harrison. One evening while the girls were residing with appellant and her husband, Emily refused to clean her room. Emily told appellant that she had cleaned her room, but she actually had shoved everything under her bed. Harrison took Emily to her room to discipline her for her "smart mouth" and her refusal to clean her room. Harrison used his weight to pin down Emily while he hit her with a belt across her right buttock and thigh approximately ten times. Appellant stood nearby in the kitchen while Harrison repeatedly struck Emily. Appellant did nothing to protect Emily.
When Couch picked up his children he discovered welts and bruising on Emily. Couch took Emily to the doctor, who reported Emily's injuries to Children's Protective Services division of the Clermont County Department of Human Services.
Couch petitioned the trial court for a civil protection order on behalf of his daughters to protect them from domestic violence. A magistrate issued an ex parte civil protection order placing Emily and Stephanie in the care of Couch. After conducting a hearing, the magistrate found that appellant committed domestic violence against Emily by failing to exercise her to duty to protect the child from abuse. For the protection of the girls, the magistrate issued a protective order for a period of two hundred seventy days. By the terms of the order, the trial court designated Couch as the girls' residential parent and permitted appellant to have visitation with the girls. The order forbade Harrison to have any contact with the children.
Appellant objected to the magistrate's findings and the terms of the civil protection order. The trial court overruled appellant's objections and affirmed the decision of the magistrate. Appellant appeals from the decision of the trial court and raises one assignment of error for review:
 THE TRIAL COURT ERRED BY DECIDING THAT THE RESPONDENT, NICOLE HARRISON, COMMITTED DOMESTIC VIOLENCE AND BY AWARDING CUSTODY OF HER TWO CHILDREN TO HER EX-HUSBAND.
In her assignment of error, appellant challenges both the trial court's finding that she committed domestic violence and the terms of the civil protection order. In support of her assignment of error, appellant raises three separate issues. First, appellant argues she did not commit domestic violence against her children because she did not commit any "act." Second, appellant maintains that the trial court could not "award custody" of the children to Couch when she presented evidence regarding the "best interests" of the children. Third, appellant asserts that the trial court lacked any jurisdiction to "reallocate parental rights." Each of appellant's arguments will be addressed in turn.
In order to grant a civil protection order, "a trial court must find that a petitioner has shown by a preponderance of the evidence that the petitioner, or the petitioner's family or household members, are in danger of domestic violence." Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of syllabus. "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:
(a) Attempting to cause or recklessly causing bodily injury;
 (b) Placing another person by threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [2903.21.1] or 2911.211 [2911.21.1] of the Revised Code;
 (c) Committing any act with respect to a child being an abused child, as defined in section 2151.031 [2151.03.1] of the Revised Code.
R.C. 3113.31.(A)(1).
When a trial court finds, by a preponderance of evidence, that the petitioner or the petitioner's family is in danger of domestic violence, the trial court may grant a protection order to bring about a cessation of the domestic violence. R.C. 3113.31. An appellate court will not reverse a trial court's decision to grant a civil protection order absent an abuse of discretion. Deacon v. Landers (1990), 68 Ohio App.3d 26, 31,Morris v. Stonewall (Nov. 15, 1999), Clinton App. No. CA99-04-012, unreported. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. A reviewing court must presume that the trial court's findings are accurate because the trial court is in the best position to view the witnesses and observe their demeanor so as to weigh the credibility of their testimony. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80.
Appellant first challenges the trial court's determination that, pursuant to R.C. 3113.31(A)(1)(c), appellant committed an act of domestic violence against Emily that resulted in her being abused. Appellant argues that she committed no affirmative act that resulted in the abuse of her children, and if anyone committed domestic violence, it was Harrison.
R.C. 2151.031(B) defines an abused child, in part, as any child who is endangered under R.C. 2919.22. As relevant to this case, a child is endangered when a parent, guardian, custodian, or person in locoparentis "creates a substantial risk to the health or safety of the child by violating a duty of care, protection and support." See R.C. 2912.22. R.C. 2912.22 embodies the well-established principle that parents and guardians have a legal duty to protect their children from harm. See,e.g., State v. Kamel (1984), 12 Ohio St.3d 306, 309; State v. Sammons
(1979), 58 Ohio St.2d 460, 463; see, also, R.C. 2903.15 (providing that no parent, guardian or custodian shall permit a child to be abused). Since there is an affirmative duty to protect children from harm, "an inexcusable failure to act in the discharge of [that] duty" constitutes an "act" under R.C. 2912.22. Kamel at paragraph one of the syllabus;State v. Elliott (1995), 104 Ohio App.3d 812, 817.
Appellant has an affirmative duty to protect her children from substantial harm. It is not disputed that Harrison pinned Emily with his weight and beat her approximately ten times with a belt. The beatings caused substantial welts and bruising. No one seriously contends that Harrison's punishment was not excessive. Appellant testified that she knew Harrison was going to discipline Emily. Although she stood nearby in the kitchen, appellant maintained that she did not hear Emily scream or cry and was unaware of what was transpiring. The trial court assessed the credibility of appellant's testimony and concluded that appellant failed to act to protect Emily from excessive punishment. By failing to act on Emily's behalf, appellant committed an act that resulted in the abuse of her child.
Appellant next challenges the terms of the trial court's civil protective order. Specifically, appellant maintains that the trial court failed to consider the best interest of the children before awarding custody of them to Couch. Appellant argues that the trial court should not have placed the children in the care of Couch because he did not present any evidence to show that such a placement was in the best interest of the children under R.C. 3109.04.
The General Assembly enacted the civil domestic violence statute to specifically authorize a court to issue protection orders designed to ensure the safety and protection of family and household members.Felton, 79 Ohio St.3d at 37. When faced with the reality of domestic violence, the trial court has an obligation to exercise its discretionary authority to respond to the immediate needs of the victim(s) and influence the behavior of the abuser. Id. at 44-45, citing Voris, The Domestic Violence Civil Protection Order and the role of the Court (1990), 24 Akron L.Rev. 423, 432. Thus, when a court determines the petitioner or the petitioner's family is in danger of domestic violence, the trial court may grant a protection order to bring about a cessation of the domestic violence. R.C. 3113.31(E)(1). The trial court has extensive authority under R.C. 3113.31(E) to tailor the civil protection order to the exact situation before it at the time. Felton,79 Ohio St.3d at 38.
As relevant to this case, a civil protection order may
 temporarily allocate parental rights and responsibilities for the care of, or establish temporary visitation rights with regard to, minor children, if no other court has determined, or is determining, the allocation of parental rights and responsibilities for the minor children or visitation rights.
R.C. 3113.31(E)(1)(d). Therefore, by its own terms, R.C. 3113.31(E)(1)(d) permits the trial court to temporarily provide for the care of minor children, but the trial court in a civil domestic violence proceeding cannot issue a permanent decree allocating parental rights and responsibilities, or permanently modify an existing decree.
Although placement of minor children under R.C. 3113.31(E)(1)(d) necessarily involves considerations of the best interest of the children, the statute does not specifically require the trial court to consider the "best interest factors" used for creating or modifying a shared parenting plan, or determining companionship rights. See R.C.3109.04(F)(1); R.C. 3109.051(D).[1] A court is not free to add words to a statute on the basis that the addition might be desirable, or in the belief the legislature "meant" to include them. Wheeling Steel Corp. v.Porterfield (1970), 24 Ohio St.2d 24, 28. Had the legislature intended to have trial courts weigh the best interest factors in R.C. 3109.04(F)(1) before allocating parental rights and responsibilities in a civil protection order, it would have expressly so declared. See id. Rather, R.C. 3113.31 demonstrates a clear and unambiguous legislative intent to enable the trial court to immediately provide for the temporary safety and protection of minor children. Where, as in this case, a minor child is the victim of domestic violence by a parent, it is patently obvious that is in the child's best interest to be removed from the abusive situation.
The trial court in this case found that appellant, by violating her duty of care to Emily, committed an act of domestic violence. The evidence at the hearing demonstrated that appellant had knowledge that Harrison had previously "gone overboard" while disciplining Stephanie with a belt. The trial court found appellant had on another occasion held Stephanie's hand while Harrison beat her with a belt, telling her to be a good girl and take the beating. From the evidence presented at the hearing, the trial court determined that it was not in the best interest of the children to reside in the same household as Harrison, and that it was in their best interest to reside with Couch.
The trial court further found that Emily was a victim of domestic violence. There was evidence at the hearing indicating that Stephanie may also have been the victim of domestic violence. The trial court's civil protection order responds to the immediate needs of the children. The trial court acted well within its discretion by removing the children from appellant's home and placing them with Couch.
Finally, appellant asserts that the trial court lacked jurisdiction to "reallocate parental rights." Appellant argues that the "clear underlying policy" of R.C. 3113.31 prevents the trial court in a civil domestic violence proceeding from vacating a shared parenting plan in a "summary hearing."
R.C. 3113.31(E)(1)(d) permits a trial court to temporarily allocate parental rights and responsibilities for the care of minor children "if noother court has determined or is determining, the allocation of parental rights and responsibilities for the minor children or visitation rights." (Emphasis added.) Thus, a domestic relations court in one county has no jurisdiction under R.C. 3113.31(E)(1)(d) where a domestic relations court in another county has determined visitation rights. Rush v. Rush (Nov. 18, 1999), Cuyahoga App. No. 74832, unreported. A common pleas court does not have jurisdiction under R.C. 3113.31(E)(1)(d) where a juvenile court in the same county has already made a determination of parental rights and responsibilities. Stella v. Platz (June 17, 1999), Washington App. No. 98CA18, unreported. A county domestic relations court is without jurisdiction under R.C. 3113.31(E)(1)(d) when the county juvenile court has made a custody determination. Tischler v. Vahcic (Nov. 16, 1995), Cuyahoga App. No. No. 68053, unreported. Therefore, the court from which a petitioner seeks relief for domestic violence has no jurisdiction under R.C. 3113.31(E)(1)(d) if any other court, including divisions of the same county court, has determined or is determining parental rights and responsibilities. The purpose of this restriction on the trial court's jurisdiction is to prevent judge and forum shopping where another court has previously issued a custody order. Stanton v. Guerrero (Aug. 31, 1994), Montgomery App. No. 14407, unreported (Grady, J., concurring).
The trial court in this case is the same court that previously allocated the parental rights and responsibilities with respect to Emily and Stephanie in a shared parenting plan. No other court has determined or is determining the allocation of parental rights and responsibilities for Emily and Stephanie. Therefore, the trial court had jurisdiction under R.C. 3113.31(E)(1)(d).
Contrary to appellant's argument, the trial court did not "vacate" the parties' prior shared parenting agreement. The trial court's civil protection order, by its own terms, is limited to a period of two hundred seventy days. All civil protection orders are temporary and are limited in duration by statute. See R.C. 3113.31(E)(3)(a). As the trial court correctly observed, a more permanent modification of parental rights and responsibilities can only be obtained through a motion to modify the shared parenting decree pursuant to R.C. 3109.04(E).
In conclusion, there is evidence to support the trial court's finding that appellant committed an act of domestic violence against Emily. The trial court had jurisdiction to temporarily allocate parental rights and responsibilities for Emily and Stephanie. The terms of the trial court's civil protection order and its decision to grant it are not an abuse of discretion. Accordingly, appellant's assignment of error is overruled.
VALEN, P.J., and WALSH, J., concur.
[1] We note, however, that even in allocating parental rights and responsibilities, the abuse of minor children and incidents of domestic violence are factors for determining the best interest of the child. R.C. 3109.04(F)(2)(g) provides that the trial court shall consider
 Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of [domestic violence]involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child * * *.
An almost identical provision exists for the determination of companionship rights. R.C. 3109.051(D)(12).