[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 451.]

HUBBARD ET AL., APPELLANTS, *v*. CANTON CITY SCHOOL BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as *Hubbard v. Canton City School Bd. of Edn.,* 2002-Ohio-6718.]

*Political subdivisions—Tort liability—Exception to political-subdivision immunity in R.C. 2744.02(B)(4), construed and applied.*

(No. 2001-0904—Submitted April 24, 2002—Decided December 18, 2002.)

APPEAL from the Court of Appeals for Stark County, No. 2000CA00313.

————————————

**SYLLABUS OF THE COURT**

The exception to political-subdivision immunity in R.C. 2744.02(B)(4) applies to all cases where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function. The exception is not confined to injury resulting from physical defects or negligent use of grounds or buildings.

————————————

**MOYER, C.J.**

{¶1} Appellants, Regina Hubbard and Charlotte Davis ("plaintiffs"), appeal from the judgment of the Stark County Court of Appeals affirming the trial court's grant of summary judgment for appellees, Canton City School Board of Education and the Canton City Schools (collectively, "board").

{¶2} This action arises from a complaint seeking damages for the alleged sexual assault of plaintiffs' daughters by Milton Dave, a teacher at Hartford Middle School in the city of Canton. The alleged sexual assaults occurred on the premises of Hartford Middle School. The trial court granted summary judgment in favor of

the board on all counts except negligent retention/supervision and intentional infliction of emotional distress.

**{¶3}** Plaintiffs appealed, and the court of appeals affirmed the trial court's denial of summary judgment for plaintiffs on the negligent retention/supervision claim, but reversed the denial of summary judgment for plaintiffs on the claim of intentional infliction of emotional distress. The appeal to this court was dismissed as having been improvidently allowed for lack of a final appealable order,[1] the judgment of the court of appeals was vacated, and the cause was remanded to the trial court for determination of plaintiffs' remaining claims. *Hubbard v. Canton City School Bd. of Edn.* (2000), 88 Ohio St.3d 14, 722 N.E.2d 1025.

**{¶4}** Upon remand, the board renewed its motion for summary judgment on the plaintiffs' claims for negligent retention/supervision and intentional infliction of emotional distress. The trial court sustained the board's motion for summary judgment, and plaintiffs again appealed.

**{¶5}** The court of appeals affirmed, stating that a strict reading of R.C. 2744.02(B)(4) would allow political subdivisions, such as school boards, to be sued for any negligence occurring in government buildings. The court held that such a broad exception does not comport with the overall statutory scheme and therefore the exception to immunity in R.C. 2744.02(B)(4) does not apply in this case and the board is immune from suit. The cause is now before this court upon the allowance of a discretionary appeal.

---

1. The case at bar was pending before this court when we ruled H.B. 350 unconstitutional in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. One of the several results of our decision in *Sheward* was to strike down H.B. 350's amendment of R.C. 2501.02, allowing the appeal of any order denying a political subdivision "the benefit of an alleged immunity from liability as provided in [R.C.] Chapter 2744." 146 Ohio Laws, Part II, 3982. Thus the board was not able to appeal from the lower court's denial of its motion for summary judgment because the ruling was no longer a final appealable order. See *Stevens v. Ackerman* (2001), 91 Ohio St.3d 182, 186, 743 N.E.2d 901 (denial of summary judgment not a final appealable order).

**{¶6}** The issue presented for review is whether that portion of R.C. 2744.02(B)(4) stating that "[p]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function" should be limited to negligence in connection with physical defects within or on the grounds of governmental buildings.

**{¶7}** Plaintiffs' appeal derives from two separate causes of action. We will first address plaintiffs' claim of intentional infliction of emotional distress.

**{¶8}** R.C. 2744.02(B)(5) states that in addition to the specific exceptions to immunity listed in (B)(1) to (4), liability may exist when it is "expressly imposed" by any section of the Revised Code. However, "[l]iability shall not be construed to exist * * * merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued." This court has reviewed R.C. 2744.02(B)(5) in the context of intentional torts and concluded that "[t]here are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress * * *." *Wilson v. Stark Cty. Dept. of Human Serv.* (1994), 70 Ohio St.3d 450, 452, 639 N.E.2d 105. For this reason we affirm the grant of summary judgment to the board on plaintiffs' claim of intentional infliction of emotional distress.

**{¶9}** Plaintiffs' remaining claim alleged that the board was negligent in supervising and retaining Milton Dave. R.C. 2744.02(B) provides for the elimination of immunity from suit for injury caused by the negligence of political-subdivision employees in certain circumstances. R.C. 2744.02(B)(4) is applicable to the case at bar because the alleged sexual assault occurred in a school building—i.e., a building used in connection with a government function—and (B)(4) specifically addresses negligent conduct within or on the grounds of such a building.

**{¶10}** The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. This court has observed that the general rule, stated in R.C. 2744.02(A)(1), is that "political subdivisions are not liable in damages." *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141.

**{¶11}** It is undisputed that the board meets the first step of the analysis and qualifies for general immunity because R.C. 2744.01(F) declares public school districts to be political subdivisions and R.C. 2744.01(C)(2)(c) states that the provision of a system of public education is a governmental function.

**{¶12}** We must next determine whether any of the exceptions to immunity listed in R.C. 2744.02(B) apply. *Cater*, 83 Ohio St.3d at 28, 697 N.E.2d 610. It is this second tier of analysis that is implicated in the case at bar.

**{¶13}** R.C. 2744.02(B)(4) grants an exemption from immunity for injuries resulting from the negligence of political subdivision employees occurring "within or on the grounds of buildings that are used in connection with the performance of a governmental function." Plaintiffs urge us to give a plain reading to R.C. 2744.02(B)(4). Courts give words in a statute their plain and ordinary meaning unless legislative intent indicates a different meaning. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 480 N.E.2d 412. The plain language of the subsection supports the conclusion that the General Assembly intended to permit political subdivisions to be sued in all cases where injury results from the negligence of their employees occurring within or on the grounds of any government building.

**{¶14}** This court has stated that where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom. *Bernardini v. Conneaut*

*Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222; *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 28, 53 O.O.2d 13, 263 N.E.2d 249; *Dougherty v. Torrence* (1982), 2 Ohio St.3d 69, 70, 2 OBR 625, 442 N.E.2d 1295; *Spartan Chem. Co., Inc. v. Tracy* (1995), 72 Ohio St.3d 200, 202, 648 N.E.2d 819.  Based upon these rules of statutory construction, we refuse to recast the language of R.C. 2744.02(B)(4) so that the subsection may accommodate some unstated meaning or purpose.

{¶15} The board argues that there is evidence that R.C. 2744.02(B)(4) was not intended to have the effect of applying to all negligent acts occurring within or on the grounds of government buildings.  In support of this proposition, the board cites two recent attempts in the General Assembly to change the application of the subsection.

{¶16} In Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, new language was inserted in R.C. 2744.02(B)(4) changing the subsection to read, "[P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, *and is due to physical defects within or on the grounds of* buildings that are used in connection with the performance of a governmental function." (Emphasis added to indicate new language.)   146 Ohio Laws, Part II, 3988.  However, a majority of this court declared H.B. 350 to be unconstitutional and therefore the change to R.C. 2744.02(B)(4) never went into effect.  *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.  The new "physical defects" language appears again in Am.Sub.H.B. No. 215, passed shortly after H.B. 350.  147 Ohio Laws, Part I, 909, 1150.  However, the H.B. 215 version of R.C. 2744.02(B)(4) was also  invalidated by this court. *Stevens v. Ackman*, 91 Ohio St.3d 182, 743 N.E.2d 901.

{¶17} We acknowledge that the General Assembly has attempted to change the language of R.C. 2744.02(B)(4).  We are bound to apply the words of the law

in effect at the time the alleged negligent acts occurred. The board urges us to add words to R.C. 2744.02(B)(4). We decline to rewrite the subsection to produce a different result than the words of the statute require.

{¶18} We therefore hold that the exception to political-subdivision immunity in R.C. 2744.02(B)(4) applies to all cases where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function. The exception is not confined to injury resulting from physical defects or negligent use of grounds or buildings. Since the injuries claimed by plaintiffs were caused by negligence occurring on the grounds of a building used in connection with a government function, R.C. 2744.02(B)(4) applies and the board is not immune from liability.

{¶19} We reverse the judgment of the court of appeals on the claim of negligent supervision and retention with instructions that it remand the case to the trial court for the purpose of applying the third tier of analysis necessitated by R.C. Chapter 2744, which requires a determination of whether the board qualifies for any of the statutory defenses listed in R.C. 2744.03.

{¶20} For the foregoing reasons, the judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded.

Judgment accordingly.

DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

_____

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶21} I concur with the majority's affirmance of summary judgment on the claim of intentional infliction of emotional distress. However, I respectfully dissent from its interpretation of the exception to immunity in R.C. 2744.02(B)(4).

Without the requirement that the negligence must arise out of a physical defect or negligent use of the grounds or buildings, a political subdivision now may be liable for *any* negligent act of an employee that occurs within or on the grounds of its buildings. Such a literal interpretation effectively obliterates the doctrine of sovereign immunity. It creates a situation where a political subdivision is immune from liability for negligent acts that are committed away from governmental buildings, whereas there is no immunity for negligence that occurs within or on the grounds of the buildings. I do not believe that the General Assembly intended such a contradictory result.

{¶22} Instead, I believe that the majority of appellate courts has correctly interpreted subsection (B)(4) as a premises-liability exception to sovereign immunity. See *Steward v. Columbus* (Sept. 10, 1998), Franklin App. No. 97APG12-1567, 1998 WL 598433; *Kaderly v. Blumer* (Oct. 15, 1996), Stark App. No. 1996CA00022, 1996 WL 608480.

{¶23} I believe that the majority's interpretation of R.C. 2744.02(B)(4) is inconsistent with the other provisions in the statute, as explained by various appellate courts. "When R.C. 2744.02(B)(4) and R.C. 2744.03(A)(5) are read in concert, it becomes apparent that, in regard to governmental buildings or facilities, the intent of the General Assembly was that a political subdivision can only be held liable for damages stemming from *negligent maintenance*." (Emphasis sic.) *Vance v. Jefferson Area Local School Dist. Bd. of Edn.* (Nov. 9, 1995), Ashtabula App. No. 94-A-0041, 1995 WL 804523. "For example, R.C. 2744.02(B)(2) states that political subdivisions are liable for damages caused '* * * by the negligent performance of acts by their employees with respect to proprietary functions * * *.' If appellants' interpretation of (B)(4) was correct, then there would be no need for (B)(2). Any acts which would fall under (B)(2) would also fall under (B)(4)." *Zellman v. Kenston Bd. of Edn.* (1991), 71 Ohio App.3d 287, 291, 593 N.E.2d 392.

**{¶24}** The majority ignores a cardinal rule of statutory construction: courts must strive to avoid absurd or unreasonable results. *Mishr v. Poland Bd. of Zoning Appeals* (1996), 76 Ohio St.3d 238, 240, 667 N.E.2d 365. The majority's interpretation grants immunity and removes it in the same stroke of a pen. Therefore, while I concur that summary judgment on the claim of intentional infliction of emotional distress was proper, I must respectfully dissent from the reversal of the judgment on the claim of negligent supervision and retention.

RESNICK, J., concurs in the foregoing opinion.

_____

Edward L. Gilbert, for appellants.

Britton, McGown, Smith, Peters & Kalail Co., L.P.A., Susan S. McGown, Matthew J. Markling and David A. Rose, for appellees.

_____