THE STATE OF OHIO, APPELLANT, v. SMITH, APPELLEE.

[Cite as State v. Smith, 104 Ohio St.3d 106, 2004-Ohio-6238.]

(No. 2003–1194—Submitted May 25, 2004—Decided December 8, 2004.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} In this case, we are called upon to interpret the requirements for a sexually violent predator specification found in R.C. Chapter 2971, which enhances the sentence of a person "who is convicted of or pleads guilty to a sexually violent offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment * * *." R.C. 2971.03(A). R.C. 2971.01(H)(1) defines "sexually violent predator" as "a person who has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." The issue in this case is whether conviction of the underlying sexually violent offense may be used as the conviction required to support the sexually violent predator specification alleged in the same indictment. We find that it may not and hold that R.C. 2971.01(H)(1) requires that only a conviction that existed prior to the indictment of the underlying offense can be used to support the specification.

## II. Statement of the Case

{¶ 2} In 1989, appellee, John W. Smith, pleaded guilty to sexual battery with a specification of harm. The court sentenced him to four to ten years of imprisonment. His sentence expired on June 22, 1999, and he was released from incarceration.

{¶ 3} On or about July 25, 2001, Smith was arrested and charged with raping and kidnapping a former girlfriend. Each charge contained a sexually-violent-predator and repeat-violent-offender specification, and the kidnapping charge included a sexual-motivation specification. On October 18, 2001, the Morrow County Grand Jury filed an amended indictment against Smith on these charges

and specifications.   On October 30, 2001, a jury convicted Smith of rape and kidnapping.

{¶ 4} The specifications were tried separately to the bench.   The state argued that those convictions of rape and kidnapping, the *underlying* sexually violent offenses, could be used to prove the sexually-violent-predator specification charged in the same indictment.[1]   The trial judge determined that there was "adequate and substantial evidence to support the finding that the Defendant is, in fact, a sexually violent predator."   Pursuant to the sentence enhancement in R.C. 2971.03(A)(3), the trial judge then sentenced Smith to seven years to life for rape and seven years to life for kidnapping, with the sentences to be served concurrently.

{¶ 5} On May 21, 2002, Smith filed a motion for leave to file a delayed appeal, which the appellate court granted.   Smith alleged that "[t]he trial court erred when it convicted [him] of a sexually violent predator specification in the absence of sufficient evidence to support a conviction."   The appellate court agreed with Smith, holding that a sexually-violent-predator specification must be based on the conviction "of a sexually violent offense *prior to* conviction of the offense charged in the indictment."   (Emphasis added.)   Consequently, the appellate court remanded the cause "to the trial court for a new sentencing hearing in accordance with [its] opinion."

{¶ 6} The cause is now before this court pursuant to the acceptance of the state's discretionary appeal.

### III.   R.C. Chapter 2971

### A.   Sexually Violent Predators

{¶ 7} In order to place this issue in the proper context, we will review the statutory criteria for determining whether an offender is a sexually violent predator and the sentencing enhancements that apply to sexually violent predators.   Then we will examine whether conviction of the underlying sexually violent offense can be used to support a sexually violent predator specification alleged in the same indictment.

{¶ 8} R.C. Chapter 2971 enhances the sentence of an offender who is convicted of or pleads guilty to a sexually violent offense and who is also convicted of or pleads guilty to a sexually-violent-predator specification.   R.C. 2971.03.   Sexually violent offenses include rape, sexual battery, and gross sexual imposition when the victim is younger than 13, as well as homicide, assault, or kidnapping when

---

1.  Smith's 1989 sexual-battery conviction is ineligible to show that Smith "has been convicted" of a sexually violent offense for purposes of proving the sexually violent predator specification because the conviction predated the January 1, 1997 cutoff date in R.C. 2971.01(H)(1).

the defendant pleaded guilty to or was convicted of a sexual-motivation specification. R.C. 2971.01(G) and (L). A " '[s]exually violent predator' means a person who has been *convicted* of or *pleaded* guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." (Emphasis added.) R.C. 2971.01(H)(1). In determining whether an offender "is likely to engage in the future in one or more sexually violent offenses," the trier of fact considers a list of factors to determine the offender's likelihood of recidivism. R.C. 2971.01(H)(2).

## B. Sentence Enhancements for Sexually Violent Predators

{¶ 9} After a court determines that the offender is a sexually violent predator pursuant to the aforementioned statutory criteria, it must then look to R.C. 2971.03 to determine the proper sentence enhancement. The level of enhancement depends on the nature of the underlying sexually violent offense of which the defendant has been convicted.

{¶ 10} For example, if the underlying offense is aggravated murder for which a death sentence is not imposed or is set aside, then the offender must be sentenced to life in prison without parole. R.C. 2971.03(A)(1).

{¶ 11} If the underlying sexually violent offense is murder or a crime other than aggravated murder or murder for which a life sentence may be imposed, the offender likewise must be sentenced to prison for life without parole. R.C. 2971.03(A)(2).

{¶ 12} If the underlying sexually violent offense is other than aggravated murder, murder, or an offense for which a life sentence could be imposed, then the offender will be subject to an indefinite prison term chosen from among the range of terms available as a definite term for the offense but not fewer than two years, with a maximum term of life imprisonment. R.C. 2971.03(A)(3).

{¶ 13} Finally, if the offender has previously been convicted of or pleaded guilty to a sexually violent offense as well as to a sexually-violent-predator specification, then he or she will be subject to life imprisonment without parole. R.C. 2971.03(A)(4).

{¶ 14} Having examined the criteria for defining a sexually violent predator and the sentence enhancements that apply to him or her, we now address the issue of whether the conviction of the underlying sexually violent offense can be used to support a sexually-violent-predator specification alleged in the same indictment.

## IV. Analysis

{¶ 15} To address this issue, we must first look to the statute itself. In determining the meaning of a statute, a court must give effect to the intent of the

legislature. See *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 17. A court must first look to the language of a statute to determine legislative intent. *State ex rel. Van Dyke v. Pub. Emp. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 27. Where a statute is ambiguous, courts may look to language in comparable statutes for guidance. R.C. 1.49(D).

{¶ 16} The state alleges that interpreting R.C. 2971.01(H)(1) to mean that the accused must have been convicted of a sexually violent offense *prior to* the conviction of the offense charged in the indictment conflicts with the plain language of the statute and the General Assembly's purpose of protecting the public from violent sexual predators.

{¶ 17} The state argues that the plain meaning of R.C. 2971.01(H)(1) permits the conviction of the underlying sexually violent offense to be the basis for proving a sexually-violent-predator specification alleged in the same indictment, noting that a sexually-violent-predator specification is not considered until the defendant's conviction of the underlying sexually violent offense. See R.C. 2971.02. Thus, the state argues, "at the time the finder of fact considers the specification, the first element will already have occurred" and accordingly, the underlying conviction can be used to prove the specification alleged in the indictment because the conviction occurs prior to the determination of the specification. However, the state relies on bootstrapping to get this result.

A. Only an Earlier Conviction Can Support
a Sexually-Violent-Predator Specification

{¶ 18} A sexually-violent-predator specification must be charged in an "indictment, count in the indictment, or information charging the sexually violent offense or charging the designated homicide, assault, or kidnapping offense." R.C. 2941.148(A). Therefore, pursuant to R.C. 2971.01(H)(1), which defines a sexually violent predator, the grand jury must consider whether the person under investigation is "a person who *has been convicted of* or *pleaded guilty to* committing a sexually violent offense." (Emphasis added.) These words clearly indicate that at the time of indictment, the person has already been convicted of a sexually violent offense. A grand jury cannot indict based on a conviction that has not occurred and may not ever occur. Consequently, accepting the state's interpretation of R.C. 2971.01(H)(1) would lead to an absurd result. This court will not accept such a construction. *State v. Wells* (2001), 91 Ohio St.3d 32, 34, 740 N.E.2d 1097.

{¶ 19} Moreover, as the appellate court recognized, other specification statutes unambiguously permit conviction of the underlying offense to support a specification alleged in the same indictment. For example, R.C. 2941.141, a firearm specification, provides:

{¶ 20} "Imposition of a one-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control *while committing the offense*." (Emphasis added.)

{¶ 21} R.C. 2941.142, a gang specification, provides:

{¶ 22} "Imposition of a mandatory prison term of one, two, or three years pursuant to division (I) of section 2929.14 of the Revised Code upon an offender who committed a felony that is an offense of violence while participating in a criminal gang is precluded unless the indictment, count in the indictment, or information charging the felony specifies that the offender *committed the felony that is an offense of violence while participating in a criminal gang*." (Emphasis added.)

{¶ 23} R.C. 2941.147, a sexual-motivation specification, provides:

{¶ 24} "(A) Whenever a person is charged with an offense that is a violation of section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, a violation of division (A) of section 2903.04 of the Revised Code, an attempt to violate or complicity in violating * * * division (A) of section 2903.04 of the Revised Code when the attempt or complicity is a felony, the indictment, count in the indictment, information, or complaint charging the offense may include a specification that the person *committed the offense* with a sexual motivation." (Emphasis added.)

{¶ 25} R.C. 2941.143, the specification that the offense involved a school safety zone, provides:

{¶ 26} "Imposition of a sentence by a court pursuant to division (J) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging aggravated murder, murder, or a felony of the first, second, or third degree that is an offense of violence specifies that the offender *committed the offense* in a school safety zone or towards a person in a school safety zone."

{¶ 27} These specification statutes use the words "committing" or "committed" to connect the specification and the underlying offense. Had the General Assembly intended a conviction on a sexually violent offense to be sufficient to prove a sexually-violent-predator specification alleged in the same indictment, it would have used language like that in the statutes above—e.g., a sexually violent predator is a person who *"committed"* a sexually violent offense. It did not. Rather, R.C. 2971.01(H)(1) requires that the defendant "has been *convicted of* or *pleaded guilty to* committing * * * a sexually violent offense." This further confirms that under R.C. 2971.01(H)(1), the General Assembly intended that a

112

conviction of a sexually violent offense that existed prior to the current indictment must be used to support a sexually-violent-predator specification.

{¶ 28} Under the state's interpretation of R.C. 2971.01(H)(1), R.C. Chapter 2971 would impose severe penalties on persons who are first-time offenders but who are also determined to be sexually violent predators. For example, a person convicted of gross sexual imposition pursuant to R.C. 2907.05(A)(4), a third-degree felony, identified as a sexually violent offense by R.C. 2971.01(L)(1), would normally be subject to a maximum sentence of five years' imprisonment. R.C. 2907.05(B) and 2929.14(A)(3). However, under the state's interpretation of R.C. 2971.01(H)(1), even a first-time offender could be defined as a sexually violent predator and would be subject to a maximum sentence of life in prison under R.C. 2971.03(A)(3).

{¶ 29} R.C. Chapter 2971 is a sentence-enhancement statute, and consequently, we must construe any ambiguities against the state. R.C. 2901.04(A). We decline to interpret R.C. 2971.01(H)(1) to permit the state to subject first-time offenders of certain sexual offenses to such draconian sentence enhancements without an unambiguous mandate from the General Assembly. To do so would conflict with the criminal-sentencing guidelines.

B.   Purpose of R.C. Chapter 2971 versus Purpose of R.C. Chapter 2950

{¶ 30} The state argues that R.C. Chapter 2971 was enacted to complement R.C. Chapter 2950. The state claims that the registration and notification provisions of R.C. Chapter 2950 are insufficient to protect the public from even first-time offenders of sexually violent offenses. Thus, the state argues that in order to protect the public, we should interpret R.C. 2971.01(H)(1) to permit a conviction on the underlying offense to be sufficient to prove the sexually-violent-predator specification alleged in the same indictment, thereby permitting the sentencing enhancements to apply to a first-time offender of a sexually violent offense.

{¶ 31} While the purpose of both R.C. Chapters 2950 and 2971 is to protect the public from sexual predators, the method of achieving that goal differs from one chapter to the other. R.C. Chapter 2971 *enhances* the *sentences* of *repeat* sexually violent predators, while R.C. Chapter 2950 imposes varying *registration* and *notification* requirements on certain classes of sex offenders. Our recognition that R.C. Chapter 2971 imposes sentence enhancements on repeat offenders in no way affects the registration and notification requirements of R.C. Chapter 2950. Conversely, the registration and notification requirements of R.C. Chapter 2950 do not alter the intent of R.C. Chapter 2971, which is to impose a life sentence only on those who have shown that they will repeatedly commit sexually violent offenses and therefore are sexually violent predators.

## C. Conclusion

{¶ 32} Accordingly, we hold that conviction of a sexually violent offense cannot support the specification that the offender is a sexually violent predator as defined in R.C. 2971.01(H)(1) if the conduct leading to the conviction and the sexually-violent-predator specification are charged in the same indictment.

{¶ 33} In this case, the trial court erred in relying on the jury's convictions of the underlying rape and kidnapping charges to prove the sexually-violent-predator specification alleged in the same indictment. Consequently, the court of appeals was correct in reversing the trial court's finding that Smith is a sexually violent predator. Accordingly, we affirm the judgment of the court of appeals and remand this cause for a new sentencing hearing consistent with this opinion.

Judgment affirmed.

MOYER, C.J., RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 34} I respectfully dissent. In my view, the plain language of R.C. 2971.01(H)(1) compels the conclusion that a sexually-violent-predator specification can arise from a conviction for an underlying sexually violent offense included in the same indictment.

{¶ 35} A sexually violent predator is defined as "a person who has been convicted of * * * a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(1). Importantly, this statute does not refer to a person who has *previously* been convicted of a sexually violent offense. The majority, nonetheless, seems to add the word "previously" to this statute, which, I would point out, the General Assembly chose not to do. Thus, the plain language of the statute does not compel the majority's conclusion that an offender must have had at least one prior sexually-violent-offense conviction to support a guilty finding on such a specification.

{¶ 36} Furthermore, as noted by the Ninth District Court of Appeals in *State v. Haven*, 9th Dist. No. 02CA0069, 2004-Ohio-2512, 2004 WL 1103957, this statute does not require proof of guilt for "more than one" sexually violent offense or proof of guilt of "two or more" sexually violent offenses. Rather, the statute simply defines a sexually violent predator as one who has been convicted of a sexually violent offense. A further indication of legislative intent is the use of the article "a" and the use of the word "offense" in the phrase "a sexually violent offense," indicating a reference to a single offense as distinguishable from multiple offenses.

{¶ 37} In sharp contrast to the language of R.C. 2971.01(H)(1), other statutes do use the word "previously" to refer to instances where the legislature chose to make a prior conviction a prerequisite to a finding of guilt. For example, under R.C. 2950.01(B), a habitual sex offender is defined as one who is convicted of or pleads guilty to a sexually oriented offense and "*previously* was convicted of or pleaded guilty to one or more sexually oriented offenses * * *." (Emphasis added.) Additionally, a repeat violent offender is defined as one who "has been convicted of" an enumerated offense and "*previously* was convicted of" an enumerated offense. (Emphasis added.) R.C. 2929.01(DD). Notably, similar language does not appear in R.C. 2971.01(H)(1). When statutory language is clear and unambiguous, we must enforce the statute as written, without deleting any language or adding any language. See *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 14; *Spartan Chem. Co., Inc. v. Tracy* (1995), 72 Ohio St.3d 200, 202, 648 N.E.2d 819; *Dougherty v. Torrence* (1982), 2 Ohio St.3d 69, 70, 2 OBR 625, 442 N.E.2d 1295; *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222; *Wheeling Steel Corp. v. Porterfield* (1970), 24 Ohio St.2d 24, 28, 53 O.O.2d 13, 263 N.E.2d 249.

{¶ 38} Further, a comparison of the sexually-violent-predator specification with R.C. 2950.01(E)—the section defining a sexual predator—also demonstrates the General Assembly's intent to use that specification for first-time sex offenders. An offender may be adjudicated a sexual predator if he or she "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). In *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, we stated that a sexual-predator classification could in some circumstances be predicated upon only one underlying offense, id. at 167, 743 N.E.2d 881, but remanded the case for additional evidence on the likelihood factor.

{¶ 39} The language used by the General Assembly in the sexually-violent-predator and sexual-predator statutes is virtually the same, and there is no persuasive reason to interpret such similar language one way for sexually violent predators and another way for sexual predators. Both statutes require the state to prove only that the offender has been convicted of a sexually violent or a sexually oriented offense and is likely to engage in one or more sexually violent or sexually oriented offenses in the future. In neither statute did the General Assembly use the term "previously" in defining any prerequisite for the application of a sexually-violent-predator specification or for adjudication as a sexual predator. As suggested above, these statutes are in sharp contrast with the definitions of a habitual sex offender or a repeat violent offender, which expressly require a previous conviction. R.C. 2950.01(B) and 2929.01(DD).

{¶ 40} In analyzing the sentencing provisions for a sexually violent predator, it appears that the General Assembly intended to allow the use of an underlying offense as the basis for the specification charged in the same indictment. The sentencing statute, R.C. 2971.03(A), distinguishes between offenders without previous convictions for sexually violent offenses and those with such previous convictions. It states that except in certain specific circumstances:

{¶ 41} "[T]he court shall impose a sentence upon a person who is convicted of or pleads guilty to a sexually violent offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense as follows:

{¶ 42} "* * *

{¶ 43} "(3) Except as otherwise provided in division (A)(4) of this section, if the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, it shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment.

{¶ 44} "(4) For any offense, *if the offender previously has been convicted of or pleaded guilty* to a sexually violent offense and also to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense, it shall impose upon the offender a term of life imprisonment without parole."

{¶ 45} Thus, this statute distinguishes those offenders who have been convicted of their first sexually-violent-predator specification from those who have been previously convicted of a sexually violent offense, as evidenced by the differences in the penalties provided.

{¶ 46} The legislature inserted "previously" into R.C. 2971.03(A)(4), expressly demonstrating its intent to increase punishment for those who have been previously convicted of a sexually violent offense and a specification.

{¶ 47} In accordance with what I believe is the plain language of R.C. 2971.01(H)(1) and clear legislative intent, I respectfully dissent from the majority's opinion that a conviction for a sexually-violent-predator specification may not be based on an offense charged in the same indictment as the specification. Accordingly, I would reverse the decision of the Fifth District Court of Appeals.

F.E. Sweeney and O'Connor, JJ., concur in the foregoing dissenting opinion.

---

Charles S. Howland, Morrow County Prosecuting Attorney, and Gregory A. Perry, Assistant Attorney General and Special Assistant Morrow County Prosecutor, for appellant.

David H. Bodiker, Ohio Public Defender, and Theresa G. Haire, Assistant Public Defender, for appellee.

William F. Shenck Jr., Greene County Prosecuting Attorney, and Cheri L. Stout, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.