[Cite as *03/19/2003 Case Announcements # 2*, 2003-Ohio-1314.]

# CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS

*March 19, 2003*

## MERIT DECISIONS WITHOUT OPINIONS

2002–0740.   Purvis v. Cincinnati Ins. Co.

Greene App. No. 2001–CA–104, 2002-Ohio-1803. This cause is pending before the court as an appeal and cross-appeal from the Court of Appeals for Greene County. Upon consideration of appellants/cross-appellees' motion for summary reversal,

IT IS ORDERED by the court, sua sponte, that the oral argument in this case scheduled for March 25, 2003, be, and hereby is, cancelled.

IT IS FURTHER ORDERED that the court of appeals' decision with respect to appellants/cross-appellees' Propositions of Law Nos. I and II be reversed on the authority of *Kemper v. Michigan Millers Mut. Ins. Co.*, 98 Ohio St.3d 162, 2002-Ohio-7101, 781 N.E.2d 196. Whereas this is a decision on the merits of appellants/cross-appellees' Propositions of Law Nos. I and II, the provisions of S.Ct.Prac.R. XI(2) apply to this disposition.

IT IS FURTHER ORDERED that appellants/cross-appellees' Proposition of Law No. III and the cross-appeal remain pending and are held for decision pending disposition of Supreme Court case No. 2002–0610, *Geren v. Westfield Ins. Co.*, Lucas App. No. L-01–1398, 2002-Ohio-1230.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

LUNDBERG STRATTON and O'CONNOR, JJ., concur separately.

COOK, J., not participating.

O'CONNOR, J., concurring separately.

Because I acknowledge that *Kemper v. Michigan Millers Mut. Ins. Co.*, 98 Ohio St.3d 162, 2002-Ohio-7101, 781 N.E.2d 196, controls this issue, I agree that summary reversal is appropriate. Nonetheless, I am compelled to write this concurrence because I voted to reconsider *Kemper*. 98 Ohio St.3d 1492, 2003-Ohio-1189, 785 N.E.2d 474.

In *Kemper*, we accepted jurisdiction on the following questions certified by the United States District Court for the Northern District of Ohio: "(1) Are the requirements of *Linko v. Indemnity Ins. Co.* [2000], 90 Ohio St.3d [445, 739 N.E.2d 338], relative to an offer of UM/UIM coverage, applicable to a policy of insurance written after enactment of [1997] HB 261 and before [2001] SB 97?" and "(2) If the *Linko* requirements are applicable, does, under [1997] HB 261, a signed rejection act as an effective declination of UM/UIM coverage, where there is no other evidence, oral or documentary, of an offer of coverage?"

In response to these questions, the majority summarily stated, "We answer certified question No. 1 in the affirmative and certified question No. 2 in the negative."

Chief Justice Moyer, joined by Justice Lundberg Stratton, authored a dissent that amply illustrated the flaws inherent in that majority's holding. Chief Justice Moyer wrote: "The majority not only imposes [the *Linko*] requirements without any statutory basis or legal analysis, but it also ignores the fact that R.C. 3937.18, as amended by H.B. 261, unlike the former statute, speaks directly to the requirements that are necessary for a valid offer and rejection of UM/UIM coverage. In view of these amendments and the absence of any statutory support to impose the *Linko* requirements, I would conclude that such requirements are inapplicable to insurance policies written after the effective date of H.B. 261." 98 Ohio St.3d 162, 2002-Ohio-7101, 781 N.E.2d 196, at ¶ 6.

Moreover, "where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Dist. Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 14. As illustrated in Chief Justice Moyer's dissent, the *Kemper* decision adjusted the statutory UM/UIM offer-and-rejection mandates that came into effect following H.B. 261.

I voted to reconsider *Kemper* for the purpose of bringing this court's rule of law into conformity with R.C. 3937.18. Now that this court has resolved not to reconsider *Kemper*, I accordingly must

concur that summary reversal is appropriate here.

LUNDBERG STRATTON, J., concurs in the foregoing concurring opinion.