DECISION AND JUDGMENT ENTRY
{¶ 1} Nationwide Agribusiness Ins. Co. ("Nationwide") appeals the decisions of the Fulton County Court of Common Pleas, granting summary judgment to Lee Stubbins and his wife and denying Nationwide's motion to reconsider. For the reasons stated below, we affirm.
Stubbins was involved in an automobile accident on May 25, 2000. At the time of the accident, Stubbins was employed by the Toledo Public School District. He was driving his 1996 Chevy pickup truck to school to pick up students to take them on a field trip to Cedar Point when the accident occurred. Stubbins brought this action seeking a declaratory judgment that he is entitled to uninsured/underinsured motorist vehicle coverage ("UM/UIM") in the amount of two million dollars from Nationwide, who issued a policy to his employer. Stubbins and Nationwide filed motions for summary judgment and memoranda in opposition to the other party's motion. The trial court granted Stubbins' motion for summary judgment and denied Nationwide's motion. Nationwide then filed a motion to reconsider. The trial court granted the motion to reconsider, but confirmed its earlier ruling denying Nationwide's motion for summary judgment and granting Stubbins' motion.
 {¶ 2} Nationwide raises the following two assignments of error:
 {¶ 3} "I. The trial court erred to the prejudice of appellant Nationwide Agribusiness Insurance Company when it overruled appellant's motion for summary judgement [sic] and granted appellees' motion for summary judgment against Nationwide, finding that uninsured/underinsured motorists coverage was available to appellees under the terms of Nationwide Agribusiness Insurance Company Policy No. CA 0007570 (See Judgment Entries of November 6, 2002 and November 14, 2002, attached hereto as Exhibits A and B, respectively).
"II. The trial court erred to the prejudice of appellant Nationwide Agribusiness Insurance Company when it overruled appellant's motion for reconsideration finding that uninsured/underinsured motorists coverage was available to appellees under the terms of Nationwide Insurance Company Policy No. CA 0007570 (See Judgment Entry of November 14, 2002, attached hereto as Exhibit B)."
 {¶ 4} In the first assignment of error, Nationwide contends that the trial court erred when it granted summary judgment to Stubbins. In reviewing any disposition of a summary judgment motion, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 5} Stubbins contends that he is an insured under the Nationwide policy pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),85 Ohio St.3d 660. In this case, the Nationwide policy defines "insured" in the UM/UIM endorsement with language identical to that found inScott-Pontzer. Nationwide argues that Stubbins is not an insured and thatScott-Pontzer is inapplicable because school boards do not have the authority to purchase UM/UIM coverage for employees outside of the scope of their employment. It also contends that even if school boards could purchase coverage for employees outside the scope of their employment, the statute limits coverage to uninsured coverage only.
"School boards are creations of statute and have no more authority than what has been conferred on them by statute or what is clearly implied therefrom." Wolf v. Cuyahoga Falls City School Dist. Bd. of Edn. (1990),52 Ohio St.3d 222, 223. There are three separate statutes that pertain to the procurement of insurance: R.C. 9.83[1] (providing for the purchase of liability insurance), R.C. 3313.201[2] and R.C. 3327.09[3]
(stating that school boards may purchase UM coverage).
In support of its argument that school boards are without authority to purchase UM/UIM coverage for employees outside the scope of their employment, Nationwide cites Nationwide Agribusiness Ins. Co. v. Roshong
(Sep. 5, 2002), 6th Cir. No. 01-4009, unreported and a number of trial court decisions.[4] In Roshong, Janet Bowser and Earl Roshong were involved in separate automobile accidents while employed by two different school districts in Ohio. Neither of them had been acting within the scope of their employment at the time of their respective accidents. The employers for both Bowser and Roshong were insured with Nationwide. Nationwide brought a declaratory judgment action against Bowser and Roshong to determine whether Scott-Pontzer applied to school districts. While acknowledging that the Eighth and Ninth Appellate Districts had found Scott-Pontzer to be applicable in Mizen v. Utica Natl. Ins. Group,147 Ohio App.3d 274, 2002-Ohio-37 and Allen v. Johnson, 9th Dist. Nos. 01CA0046 and 01CA0047, 2002-Ohio-2432, the Sixth Circuit Court of Appeals concluded that R.C. 3313.201(A) does not permit a school district to purchase underinsured coverage based upon the absence of any mention of underinsured coverage in the statute. The Roshong court further determined that UM/UIM provisions in policies issued to school boards should be read to limit coverage to employees solely to when they drive a vehicle owned or operated by the school district.
Since the Roshong decision, four state appellate districts have found that the Scott-Pontzer rationale applies to a school board's policy that underinsurance coverage is available to employees even if they are not acting within the scope of their employment. In Roberts v. WausauBusiness Ins. Co., 149 Ohio App.3d 612, 2002-Ohio-4734 at ¶ 61, the Tenth Appellate District found that there was nothing in R.C. 3313.201,9.83, 3313.203 or 3327.09 that precludes a board of education from purchasing and/or extending underinsured (UIM) coverage to its employees and nothing that limits such coverage to only those employees who are within the scope and course of employment. While an "employee" of a political subdivision is defined as "an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision" in R.C. 2744.01(B), the Roberts court declined to apply this definition because the statute specifically limits the application of the definition to the chapter regarding political subdivision tort liability. Id. at ¶ 62. The Tenth Appellate District recently affirmed the Roberts decision in Griffith v. Wausau Business Ins. Co., 10th Dist. No. 02AP-551 and 02AP-664, 2003-Ohio-955. The Fifth Appellate District has also applied Scott-Pontzer to school board insurance policies. Westfield Ins.Co. v. Wausau Business Ins. Co., 5th Dist. No. 2002CA00138 and 2002CA00150, 2002-Ohio-7391. The Fourth and Twelfth Appellate Districts recently held Scott-Pontzer applicable to policies issued to boards of education. In February 2003, the Fourth District Court of Appeals issuedCarle v. Stumbo, 4th Dist. No. 02CA2, 2003-Ohio-1084 and Congrove v.Wausau Insurance Companies, 4th Dist. No. 02CA8, 2003-Ohio-1083, in which it noted the Attorney General of Ohio concluded that a board of education may grant fringe benefits to its employees as part of their compensation and provide uninsured motorist coverage for its employees. Id. at ¶ 34 citing 1982 Ohio Atty.Gen.Ops. No. 037, at 2-111. In April 2003, the Twelfth District Court of Appeals rejected the argument that boards of education had limited statutory authority to purchase uninsured motorists coverage but not underinsured motorists coverage. Gates v.Nationwide Ins. Co., 12th Dist. No. CA2002-10-086, 2003-Ohio-1773. While the two types of coverage are separately defined in R.C. 3937.18 and3313.201 references "uninsured" coverage only, the Gates court noted that the version of R.C. 3937.18 in effect at the time the policy was issued provided that a named insured may only reject or accept both coverages. Id. at ¶ 20.
 {¶ 6} Applying the premise of Scott-Pontzer, this court must agree with the six other appellate districts that boards of education can purchase UM/UIM coverage for employees and that the coverage is not limited to employees acting within the course and scope of their employment.
 {¶ 7} R.C. 3313.201 requires school districts to purchase liability insurance for officers, employees and pupils who operate vehicles owned or operated by the school district. Similarly, R.C. 3327.09
mandates that boards of education shall procure liability insurance for employees who operate a school bus, motor van or other vehicle used in the transportation of school children. Both statutes indicate that a board of education may also purchase uninsured coverage, and nothing in either statute actually limits the purchase of coverage to employees who act in the course or scope of their employment. By implication, a board of education, therefore, may purchase UM/UIM coverage that will cover its employees even if they are not acting within the course of scope of their employment.
 {¶ 8} Nationwide argues that even if Stubbins is an insured, it is still entitled to summary judgment because Stubbins was not occupying a covered auto. At the time of the accident Stubbins was driving his personal vehicle, and the UM/UIM endorsement for the Nationwide policy contains the following exclusion:
 {¶ 9} "C. Exclusions
 {¶ 10} "This insurance does not apply to:
 {¶ 11} "* * *
 {¶ 12} "5. `Bodily Injury' sustained by:
 {¶ 13} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists coverage under this Coverage Form;"
 {¶ 14} While Nationwide contends that Stubbins was not in a covered auto, we disagree. For purposes of UM/UIM coverage, "covered autos" are designated by the symbol "2." Symbol "2" is defined as "Owned `Autos' Only — Only those `autos' you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those private passenger `autos' you acquire ownership of after the policy begins." The term "you" is used in this definition and must be applied consistently throughout the policy. Uzhcav. Derham, 2nd Dist. No. 19106, 2002-Ohio-1814 at ¶ 42. Because "you," by virtue of the Scott-Pontzer rationale, includes employees of the school district and "covered autos" is defined as "autos you own," Stubbins was occupying a covered auto and the exclusion does not apply.[5] See, Flournoy v. Valley Forge Ins. Co., 10th Dist. No. 02AP-1008, 2003-Ohio-2196. While Nationwide cites this court's decision in Geren v. Westfield Ins. Co., 6th Dist. No. L-01-1398, 2002-Ohio-1230
as support for the enforceability of the other owned auto exclusion against Stubbins, Geren is distinguishable because Geren involved a family member of an insured employee who was injured while driving a vehicle owned by that family member. In this case, Stubbins, the employee, was driving his personally owned truck.Nationwide further contends that it is entitled to summary judgment because the Toledo School District reduced its coverage limits for UM/UIM purposes from $2,000,000 to $1,000,000. Because the tortfeasors have $1,000,000 in liability coverage, Nationwide argues it is entitled to a complete setoff of its policy limits. In Kemper v.Michigan Millers Mut. Ins. Co., 98 Ohio St.3d 162, 2002-Ohio-7101, the Ohio Supreme Court stated that the requirements for an effective rejection of UM/UIM coverage as expressed in Linko v. Indemn. Ins. Co. ofN. Am. (2000), 90 Ohio St.3d 445 are still applicable after the enactment of [1997] H.B. 261.[6] When measured against Linko, the rejection of coverage is faulty, for the form does not contain any premium information with respect to UM/UIM coverage. Specifically the form does not specify the premium amount for $2,000,000 in UM/UIM coverage which would equal the liability limits. In Raymond v. Sentry Ins., 6th Dist. No. L-01-1357, 2002-Ohio-1228 at ¶ 23, this court concluded that the Linko requirements still had vitality after the enactment of [1997] H.B. 261. In Raymond, we concluded, however, that the documentary evidence submitted to the court in addition to the rejection form satisfied the Linko requirements. Id. at ¶ 35. In this case, no extrinsic evidence was submitted that showed that the board of education was actually aware of the different premium amounts.[7] The trial court, therefore, did not err in granting summary judgment to Stubbins. Nationwide's first assignment of error is overruled.
In its second assignment of error, Nationwide argues that the trial court erred in overruling its motion to reconsider. A motion to reconsider a final judgment in the trial court is a nullity. Pitts v.Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378, 379. Therefore, Nationwide's second assignment of error is overruled.
 {¶ 15} Upon consideration, we find that substantial justice was done the party complaining. The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.
[1] R.C. 9.83(A) provides in pertinent part that "The state and any political subdivision may procure a policy or policies of insurance insuring its officers and employees against liability for injury, death, or loss to person or property that arises out of the operation of an automobile, truck, motor vehicle with auxiliary equipment, self-propelling equipment or trailer, aircraft, or watercraft by the officers or employees while engaged in the course of their employment or official responsibilities for the state or the political subdivision."
[2] R.C. 3313.201(A) provides as follows:
"The board of education of each school district shall procure a policy or policies of insurance insuring officers, employees, and pupils of the school district against liability on account of damage or injury to persons and property, including insurance on vehicles operated under a course in drivers education approved by the state department of public safety and including liability on account of death or accident by wrongful act, occasioned by the operation of a motor vehicle, motor vehicles with auxiliary equipment, or all self-propelling equipment or trailers owned or operated by the school district. Each board of education may supplement the policy or policies of insurance with collision, medical payments, comprehensive, and uninsured motorists insurance. * * *"
[3] R.C. 3327.09 provides as follows: "The board of education of each school district shall procure for the benefit of its employees who operate a school bus, motor van, or other vehicle used in the transportation of school children motor vehicle liability insurance for injuries to persons and property. Such insurance shall be in amounts not less than one hundred thousand dollars per person, three hundred thousand dollars per occurrence, fifty thousand dollars property damage and three thousand dollars medical payments coverage. * * * Each board of education may procure uninsured motorists insurance."
[4] One of the trial court decisions cited by Nationwide is Michalskiv. Williams (Mar. 27, 2002), Lucas C.P. No. CI01-1696, a decision not binding upon this court and decided before most appellate courts had spoken on this issue.
[5] While the policy contains several endorsements specifically excluding certain vehicles from being covered autos and also excluding certain drivers from being insureds, none of the endorsements excluded Stubbins as a driver or his personal vehicle as a covered auto.
[6] In its reply brief, Nationwide noted that the appeal from Purvisv. Cincinnati Ins. Co., 2nd Dist. No. 2001-CA-104, 2002-Ohio-1803 had been pending before the Ohio Supreme Court. That case, which supported Nationwide's position, recently has been summarily reversed on the authority of Kemper. See, Purvis v. Cincinnati Ins. Co.,98 Ohio St.3d 1494, 2003-Ohio-1314.
[7] Attached to Nationwide's brief in opposition to Stubbins' motion for summary judgment was the deposition of Colleen J. Chmielowicz. Stubbins objected to the admissibility of this deposition since it was taken in the Roshong case and did not satisfy the requirements of Civ.R. 56(E). A review of the deposition reveals that Ms. Chmielowicz did not testify regarding the premium amounts. Even if this court were to consider the deposition, its inclusion did not aid Nationwide's case. Cf. Manalo v. Lumberman's Mutual Casualty Co., 2nd Dist. No. 19391, 2003-Ohio-613.