DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Manley Spencer, appeals from the judgment of the Medina County Court of Common Pleas classifying him as a sexual predator. We affirm.
 {¶ 2} On September 24, 1982, Defendant plead no contest to one count of rape in violation of R.C. 2907.02(A)(1). The court found him guilty of the offense and sentenced him to not less than four or more than twenty-five years in prison. Defendant then appeared before the court in June 2003 to determine whether he should be classified as a sexual predator. Defendant and the State submitted only documentary evidence and briefs on the issue, and the court found that Defendant was a sexual predator on October 8, 2003. Defendant timely appealed, raising three assignments of error.
 ASSIGNMENT OF ERROR I
"The Court's finding that the State proved through clear and convincing evidence that [Defendant] was a sexual predator, as defined by R.C. 2950.01 et seq. was against the manifest weight of the evidence."
 {¶ 3} In his first assignment of error, Defendant alleges that the court's finding that he was a sexual predator was against the manifest weight of the evidence. Specifically, Defendant points to the multiple positive factors which he argues the court did not properly consider. He also asserts that a single sexual offense is not enough to classify him as a sexual predator. We disagree.
 {¶ 4} In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender was convicted of or pled guilty to a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In determining whether the offender is likely to engage in one or more sexually oriented offenses in the future, R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors, including, but not limited to, the following:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender[;]
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 5} Although the trial court must consider these factors in reaching its decision, the trial court retains discretion to determine what weight, if any, each factor will be assigned.State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288, paragraph one of the syllabus. In addition, the trial court may consider other evidence pertinent to determining the likelihood of recidivism, although the evidence is not expressly enumerated in the statute. Id.
 {¶ 6} This court reviews a sexual predator determination under a clearly erroneous standard. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. We, therefore, will not reverse a sexual predator determination made by a trial court where there is some competent and credible evidence to support that determination. Id., citing State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41, and State v. Gibson, 4th Dist. No. 01CA19, 2002-Ohio-5232, at ¶ 9. Deferential review applies in such cases regardless of the fact that the State must prove that the offender is a sexual predator by clear and convincing evidence. Unrue at ¶ 6, citing Groves at ¶ 41.
 {¶ 7} In the case at bar, Defendant does not dispute that he was convicted of a sexually oriented offense. See R.C.2950.01(D)(1). Rather, he first argues that one conviction for a sexually oriented offense is generally not enough to label one a sexual predator. Defendant relies heavily upon the language ofState v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, in urging this court to exercise caution in labeling an offender a sexual predator based upon a single offense. We certainly recognize the need for caution in making such a determination. However,Eppinger actually stood for the proposition that a trial court should appoint an expert witness for an indigent defendant if the trial court finds that such appointment is necessary to determine whether a defendant is likely to engage in future sexually oriented offenses. Id. at syllabus.
"[A] person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." (Emphasis in original.) Id. at 162.
 {¶ 8} In this particular case, the trial court did appoint an expert witness of Defendant's choosing in order to evaluate his likelihood of re-offense. Not only did the court appoint such an expert, but the court increased the budgeted amount to be paid to that expert. That expert simply did not testify or offer any evidence to the court on Defendant's likelihood of committing future sexually oriented offenses regardless of having met with and evaluated Defendant. As the trial court appointed an expert witness for Defendant's sexual predator hearing, the court followed the ruling of the Ohio Supreme Court regarding protection of Defendant against the prevalent uncertainties which exist in such determination. See Eppinger, 91 Ohio St.3d 158.
 {¶ 9} Defendant also argues that multiple factors should weigh in his favor, and mitigate the negative factors upon which the trial court based its sexual predator determination. Specifically, Defendant states that (1) he is much older now, and, as such, not as likely to commit a sexually oriented offense, (2) the registration protections afforded by the sexually oriented offender classification are enough to protect the public, (3) imposition of the registration requirements under the sexual predator classification "may eventually result in his arrest from a nursing home for his failure to get out of his wheelchair and report every ninety days to the police[,]" (4) continued reporting during his retirement would be a waste of public money because he would eventually lack the physical strength and ability to carry out the crime, and (5) his exemplary prison work record,[1] attendance at multiple self-improvement workshops,[2] and acknowledgement of responsibility for his actions through his plea of no contest should weigh in his favor.[3]
 {¶ 10} The trial court specifically mentioned in its journal entry every single factor listed in the statute, and found the following:
"At the time of the offense the victim was 18 and [Defendant] was 33.
"The sexual offense did not involve multiple victims.
"[Defendant] did not use alcohol and/or drugs to impair the victim.
"[Defendant] does not have a mental illness and/or mental disability.
"The nature of [Defendant's] sexual conduct with the victim was a forcible rape by threatening to shoot the victim with a gun if she did not submit to [him]; requiring her to disrobe at gunpoint; and requiring her to agree with him that he did not rape her before letting her go.
"[Defendant] did not know the victim prior to raping her.
"The rape occurred at 2:30 p.m. when the victim was walking home after her vehicle had broken down and she encountered [Defendant] sitting on a pail with a shotgun.
"[Defendant] has a prior criminal record which includes offenses for which he was put under supervision.
"[Defendant] has violated the terms and conditions of supervision.
"[Defendant] has never received any counseling and/or treatment for sexual offenses.
"[Defendant] has never taken responsibility for his actions."
 {¶ 11} Based on these factors, the court found clear and convincing evidence of the likelihood of Defendant to re-offend and labeled him a sexual predator. The trial court had before it all the evidence related to Defendant's mitigating factors. The court chose to discount those broad generalizations and factors, most of which in no way related to the likelihood of Defendant to commit another sexually oriented offense, and recognize instead that Defendant took advantage of a young girl when she was stranded, threatening to shoot her with his shotgun if she did not submit to him. The opportunistic nature of this crime alone indicates a strong likelihood of re-offense. We cannot find that the court's decision to label Defendant a sexual predator was clearly erroneous. Accordingly, we affirm the decision of the trial court on this matter.
 ASSIGNMENT OF ERROR II
"The Court erred by failing to follow the procedure as set forth in R.C. 2950.09(C)."
 ASSIGNMENT OF ERROR III
"R.C. 2950.09 is unconstitutionally vague and [a] violation of the equal protection clause in that is does not adequately describe a procedure for sexual predator hearings for persons convicted prior to January 1, 1997."
 {¶ 12} In his second and third assignments of error, Defendant argues that either the trial court failed to follow the procedure outlined by R.C. 2950.09, or that, in the alternative, R.C. 2950.09 is unconstitutionally vague in defining the necessary hearing procedure and therefore void as a violation of the equal protection clause. Defendant alleges that R.C. 2950.09
does not adequately describe the requisite sexual predator hearing procedure for individuals convicted prior to January 1, 1997. Defendant goes so far as to claim that "[t]he scheme [in R.C. 2950.09] is nonsensical and confusing." Defendant raises both of these challenges for the first time on appeal.
 {¶ 13} An appellate court may generally not consider any error which "a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus; State v. Glaros (1960),170 Ohio St. 471, paragraph one of the syllabus. Constitutional rights may be lost by the failure to assert them at the proper time. State ex rel. Specht v. Bd. of Edn. (1981),66 Ohio St.2d 178, 182, citing Clarington v. Althar (1930), 122 Ohio St. 608,608, and Toledo v. Gfell (1958), 107 Ohio App. 93, 95. The constitutionality of a statute must be raised in the trial court to preserve that error for appeal. See State v. Awan (1986),22 Ohio St.3d 120, 122; State v. Bigley, 9th Dist. No. 02CA0017-M, 2002-Ohio-4149, at ¶ 9-10.
 {¶ 14} Defendant has raised his challenge to the procedure employed below and the constitutionality of R.C. 2950.09 for the first time on appeal. These are both errors which are waived if not brought to the attention of the trial court. Both alleged errors obviously existed and could have been raised at the trial level. Defendant, therefore, has waived any error in regards to assignments of error two and three.[4]
 {¶ 15} We overrule Defendant's first assignment of error and refrain from addressing his second and third assignments of error due to his failure to raise the issues below. Accordingly, we affirm the judgment of the Medina County Court of Common Pleas.
Judgment affirmed.
Carr, P.J., concurs.
BAIRD, J., dissents.
[1] Defendant often received flawless evaluations for his work in prison.
[2] Defendant attended workshops on stress management, assertiveness training, time dynamics, verbal communication, and self-development. He also attended several substance abuse courses, including Alcoholic's Anonymous and Oriana House.
[3] Defendant ignores the fact that a plea of no contest "isnot an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" (Emphasis added.) Crim.R. 11(B)(2).
[4] We also note that the Ohio Supreme Court has already found that R.C. 2950.09 is not unconstitutionally vague. See State v.Williams, 88 Ohio St.3d 513, 2000-Ohio-428.