DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Russell E. Haven, has appealed from a decision of the Wayne County Court of Common Pleas which convicted him one count of gross sexual imposition, four counts of illegal use of a minor in nudity-oriented material, and one count of voyeurism, and also found that he was a sexually violent predator. This Court affirms.
 {¶ 2} On June 6, 2002, Defendant was indicted by the Wayne County Grand Jury on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), with a sexually violent predator specification attached, in violation of R.C. 2941.148; two counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); three counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(3); and three counts of voyeurism, in violation of R.C. 2907.08(B). Defendant pleaded not guilty to the counts as charged and the matter proceeded to a jury trial in October 2002. Following the State's case in chief, Defendant moved for Crim.R. 29 acquittal. The court denied that motion. Defendant did not present any evidence at trial. The jury acquitted Defendant of one count of illegal use of a minor in a nudity-oriented material or performance, and the court, at the State's request, dismissed two counts of voyeurism. However, the jury found Defendant guilty on one count of gross sexual imposition, four counts of illegal use of a minor in nudity-oriented material or performance, and one count of voyeurism.
 {¶ 3} A separate bench trial was held on the sexually violent predator specification and the trial court found that "the State of Ohio established by proof beyond a reasonable doubt that defendant was found guilty or convicted of * * * a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." Defendant was sentenced and adjudicated a sexual predator.
 {¶ 4} Defendant appealed the trial court's decision on December 5, 2002. While the appeal was originally dismissed for Defendant's failure to file an appellate brief, this Court subsequently granted Defendant's application for reopening. Defendant then filed an appellate brief, asserting two assignments of error. We will discuss Defendant's second assignment of error first.
 ASSIGNMENT OF ERROR II
"[Defendant's] convictions for illegal use of a minor in nudity-oriented material were supported by insufficient evidence under State v. Young (1988), 37 Ohio St.3d 249, because there was no evidence of lewdness or graphic focus on the genitals. Accordingly, [Defendant's] convictions on these counts violated his right to due process under [Article 1, Section 16] of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."
 {¶ 5} In Defendant's second assignment of error, he argues that there was insufficient evidence for the jury to find him guilty of illegal use of a minor in nudity-oriented material. Specifically, Defendant alleges that there was insufficient evidence of lewdness or graphic focus on the genitals in the videotapes introduced at the trial to support his convictions. This Court disagrees.
 {¶ 6} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction[.]" Sufficiency is a legal standard which is applied to determine whether the evidence admitted at trial is legally sufficient to support a conviction for the offense. See State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. When analyzing the sufficiency of the evidence, a reviewing court must view the evidence "`in the light most favorable to the prosecution,' and ask whether `any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Carter,72 Ohio St.3d 545, 553, 1995-Ohio-104, quoting Jackson v. Virginia
(1979), 443 U.S. 307, 319, 61 L.Ed.2d 560.
 {¶ 7} Defendant limits his sufficiency arguments to his convictions for illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(1) and (3). That statute prohibits any person from "[p]hotograph[ing] any minor who is not the person's child or ward in a state of nudity, or creat[ing] * * * any material or performance that shows the minor in a state of nudity," or possessing any material or performance that shows a minor who is not the person's child or ward in a state of nudity. R.C. 2907.323(A)(1) and (3).[1] Defendant was convicted for one count of photographing a minor in a state of nudity, under R.C. 2907.323(A)(1), and three counts of possessing material showing a minor in a state of nudity, under R.C. 2907.323(A)(3).
 {¶ 8} For a conviction to stand under this statute, the material or performance must contain nudity that "constitutes a lewd exhibition or involves a graphic focus on the genitals[.]"State v. Young (1988), 37 Ohio St.3d 249, paragraph one of the syllabus. "Lewd" is defined as "`sexually unchaste or licentious * * * lascivious * * * inciting to sensual desire or imagination * * *.'" (Alterations in original.) State ex rel. Rear DoorBookstore v. Tenth Dist. Court of Appeals (1992),63 Ohio St.3d 354, 358, quoting Webster's Third New International Dictionary (1986) 1301. It does not necessarily require an exhibition showing sexual activity. See State v. Casto (Sept. 13, 2000), 9th Dist. No. 2977-M, at 11, citing State v. Jewell (Aug. 22, 1997), 2nd Dist. No. 16254.
 {¶ 9} In this case, the State's brief accurately describes the multiple images captured on the 8MM tapes:
"[1.] Hidden-camera images of a pubescent juvenile female bathing in a position where she appears to be running water from the bath faucet over her genitals in a masturbatory manner.
"[2.] Low-light, monochrome images of the same pubescent juvenile female while she was sleeping, showing close-up images of [Defendant] surreptitiously removing her covers and touching her genitals through her underwear."
"[3.] Hidden-camera images of the same pubescent juvenile female standing outside the bathtub with the camera `zooming in' on her breast and genitals.
"[4.] Hidden-camera images of the same pubescent juvenile female bathing and manually manipulating her genitals in an apparent act of masturbation."
 {¶ 10} Given the nature of the 8 MM video tapes in this case, we find there was sufficient evidence to convict Defendant of four counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) and (3). We, therefore, overrule Defendant's second assignment of error.
 ASSIGNMENT OF ERROR I
"The trial court erred when it convicted [Defendant] of a sexually violent predator specification in the absence of sufficient evidence to support a conviction."
 {¶ 11} In Defendant's first assignment of error, he argues that there was insufficient evidence to convict him of a sexually violent predator specification. Defendant asserts that "[b]ecause [he] was not convicted of a sexually violent offense between January 1, 1997, and the date of his indictment, he could not — as a matter of law — be convicted of a sexually violent predator specification under R.C. 2971.01 * * * and his conviction on that specification must be reversed." In other words, Defendant alleges that one must have a sexually violent offense conviction prior to the time of indictment in order for that person to be determined a sexually violent predator under the statute. This Court disagrees.
 {¶ 12} A sexually violent predator is defined as someone who "has been convicted of or pleaded guilty to committing, on or after January 1, 1997, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(1). Gross sexual imposition, where the victim is less than thirteen years old, regardless of a defendant's knowledge of her age, is statutorily classified as a violent sex offense. See R.C. 2971.01(L)(1); R.C. 2907.05(A)(4). Under R.C. 2941.148(A), an individual may not be adjudicated a sexually violent predator unless the grand jury attaches that specification to the indictment. The State has the burden of proving the elements of the sexually violent predator specification beyond a reasonable doubt in order to enhance a defendant's sentence. State v. Ward (1999),130 Ohio App.3d 551, 567. See 2971.03(A)(1)-(4).
 {¶ 13} Defendant cites two cases from other appellate districts in Ohio which have found that one must have a prior conviction for a sexually violent offense in order for the sexually violent predator specification to attach at the time of indictment. See State v. Reigle, 3rd Dist. No. 5-2000-14, 2000-Ohio-1786; State v. Smith, 5th Dist. No. CA-957, 2003-Ohio-3416, at ¶ 26.[2] In reaching this determination, the Reigle court considered the plain language of the relevant statutory provisions, the language of other specifications, including aggravating factors required for imposing the death penalty, and the sentencing scheme under the sexually violent predator classification. See Reigle, supra. We will look at each argument advanced by the Reigle court in turn.
A. Plain Language
 {¶ 14} After considering the "has been convicted or pleaded guilty to" language in the sexually violent predator definition, the Reigle court insisted that a violent sexual predator specification could not attach to an indictment unless a conviction existed prior to that indictment. Reigle, supra; see, also, R.C. 2971.01(H)(1). The court decided that one who has not yet been convicted, in other words found guilty and sentenced, of a sexually violent offense at the time of indictment, when the grand jury must make the finding, simply could not be a sexually violent predator. Reigle, supra. Prior conviction remained the key for that court. Id.
 {¶ 15} The Reigle court, however, did not discuss other issues regarding the plain language of the statute. For example, the definition of a sexually violent predator under R.C.2971.01(H)(1) is nearly identical to the definition of a sexual predator under R.C. 2950.01(E)(1). Both require that a defendant "has been convicted of or pleaded guilty to committing" a certain type of sexually oriented offense and that the defendant is "likely to engage in the future in one or more" of those types of offenses. See R.C. 2971.01(H)(1); R.C. 2950.01(E)(1). Courts have previously held that a defendant may be classified as a sexual predator based on a single sexually oriented offense. See Statev. Eppinger, 91 Ohio St.3d 158, 162, 2001-Ohio-247; State v.Spencer, 9th Dist. No. 03CA0126-M, 2004-Ohio-1751, at ¶ 7. The similarity in the language employed by the legislature would indicate that the same interpretation should apply to the sexually violent predator determination. A defendant, therefore, could be classified as a sexually violent predator based solely on the underlying offense to which the specification was attached.
 {¶ 16} Also, as to plain language interpretation, we recognize that R.C. 2971.01(H)(1) defines a sexually violent predator as "a person who has been convicted of or pleaded guilty to committing * * * a sexually violent offense[.]" (Emphasis added.) The statute does not specifically require "more than one sexually violent offense" or "two or more sexually violent offenses." It simply requires "a sexually violent offense[.]"[3] Again, the plain language supports an interpretation which does not require a prior conviction, but, instead, permits classification of a defendant as a sexually violent predator where he is convicted only of the underlying offense to which the specification was attached.
 B. Specifications and Death Penalty Factors {¶ 17} The Reigle court next examined the statutory language of other specifications. Reigle, supra. The majority of these statutes state that the specifications apply if an underlying fact existed when a defendant committed the offense. See R.C. 2941.141 et seq. For example, a firearm specification may be attached under R.C. 2941.141(A) when "the offender had a firearm on or about [his] person * * * while committing the offense[;]" an offender may be convicted of a gang specification under R.C. 2941.142(A) when "the offender committed [a] felony that is an offense of violence while participating in a criminal gang[;]" or a defendant may have a sexual motivation specification attached under R.C. 2941.147(A) in certain circumstances where "the person committed the offense with a sexual motivation." The court also considered R.C. 2929.04, which contains the criteria necessary for imposition of the death penalty. The court stated that:
"Imposition of the death penalty is not allowed unless one of the aggravating circumstances listed in the statute is included in the indictment. The aggravating circumstances include:
"(1) The offense was the assassination of the president of the United States * * *
"(2) The offense was committed for hire.
"(3) The offense was committed for the purpose of escaping detection, apprehension, trial, or punishment for another offense committed by the offender.
"(4) The offense was committed while the offender was under the [sic.] detention or while the offender was at large after having broken detention." Reigle, supra.
 {¶ 18} While these statutes specifically permit attachment of the specification when a circumstance existed at the time the defendant committed the underlying crime, R.C. 2941.148(A) uses very different language:
"The application of [R.C. 2971.01 et seq.] to an offender is precluded unless the indictment * * * also includes a specification that the offender is a sexually violent predator."
 {¶ 19} Based on a comparison of the language in these specifications, the Reigle court decided that the legislature knew how to use language which would permit attachment of the specification based upon the underlying offense. Reigle, supra. The legislature's failure to employ this language for the sexually violent predator specification indicated to the court that the specification could not attach based solely on the underlying offense. Id.
 {¶ 20} We recognize that the language under the sexually violent predator specification differs from that of other specifications. However, the basic difference in the language used among the various specifications makes sense when one considers the type of specification being attached. A firearm, gang, or sexual motivation specification, by its very nature, may attach only when an additional circumstance existed duringcommission of the underlying offense. The additional criteria enumerated by the Reigle court regarding the death penalty also relate specifically to the required existence of an additional circumstance during the commission of the underlying offense.
 {¶ 21} The sexually violent predator specification, on the other hand, may attach without the existence of an additional circumstance during commission of the underlying offense. Rather, the State must show that the defendant is likely to engage inthe future in one or more sexually violent offenses. R.C.2971.01(H)(1). Therefore, the legislature's choice not to include any language related to the actual commission of the underlying offense is entirely logical, and does not mandate an interpretation requiring a prior conviction.
 {¶ 22} A continued recitation of the possible criteria for imposition of the death penalty under R.C. 2929.04(A) only reinforces this point. Under that section, a court may also impose the death penalty if:
"(5) Prior to the offense at bar, the offender was convicted
of an offense an essential element of which was the purposeful killing of or attempt to kill another[.]" (Emphasis added.) R.C.2929.04(A)(5).
Any weight one might place on the language of these specifications, which speak of "committing" an offense rather than a "conviction" for that offense, loses significance when faced with the fact that the legislature obviously knew how to require a prior conviction under those specifications.[4]
The sexually violent predator specification lacks that language. See R.C. 2971.01(H)(1).
 C. Language of the Sentencing Scheme {¶ 23} In its final supporting argument, the Reigle court considered the language of R.C. 2971.03 regarding sentencing of a sexually violent offender.
"`For any offense, if the offender previously has been convicted of or pleaded guilty to a sexually violent offense and also to a sexually violent predator specification that was included in the indictment * * * [the court] shall impose upon the offender a term of life imprisonment without parole.' [R.C.2971.03(A)(4)]
"This portion of the statute supports our interpretation * * *. Specifically, an individual must first be convicted of or pleaded guilty to a sexually violent offense." Reigle, supra.
In reaching its conclusion, the court apparently ignored the remainder of the language in R.C. 2971.03(A) which requires a court to sentence an offender who "is convicted of or pleads guilty to a sexually violent offense * * * [and] a sexually violent predator specification" to various terms of imprisonment without reference to any prior convictions. See R.C.2971.03(A)(1)-(3). The sexually violent predator sentencing statute specifically refers to and requires a prior conviction only in one of four different instances. See R.C. 2971.03(A).
 D. Other Considerations {¶ 24} After considering the arguments and issues raised by the Reigle court, we are less inclined to follow their rationale, especially when one considers the specific language of another statute not considered by that court. The procedure required by R.C. 2925.52 for forfeiture of property in connection with certain felony drug abuse offenses mirrors almost exactly that of the sexually violent predator specification. See R.C.2925.52(B); R.C. 2941.148(A). Under certain circumstances, "a person who is convicted of or pleads guilty to a felony drug abuse offense * * * loses any right to the possession of property and forfeits to the state any right, title, and interest the person may have in that property[.]" R.C. 2925.42(A)(1). However, forfeiture under that section is precluded unless certain information is alleged in the indictment or the State could not reasonably have foreseen that the property was subject to forfeiture. R.C. 2925.42(B)(1). Following the rationale offered in Reigle, one might say that forfeiture under this statute could never occur because a conviction is required prior to forfeiture, yet the statute requires the State to attach a type of specification regarding the property to the indictment when that conviction does not yet exist. R.C. 2925.42(A)(1) and (B)(1). Such an interpretation would completely disable the statute for its intended purpose.
 {¶ 25} Requiring a prior conviction for attachment of a sexually violent predator specification would also lead to some rather arbitrary results. Take, for example, a defendant who will eventually be convicted of multiple completely separate sexually violent offenses which he committed over a two-year time period. If the State chose to charge all of the offenses in one indictment, the defendant could not be sentenced as a sexually violent predator. If the State charged the defendant in multiple indictments around the same time, the defendant could not be sentenced as a sexually violent predator unless one of the charges led to conviction prior to a separate indictment. Even if a second Ohio jurisdiction filed an indictment mere minutes before that defendant was convicted of a sexually violent crime in the first jurisdiction, he could not be sentenced as a sexually violent offender. Only where one of the multiple counts had evolved into a formal conviction, and the State filed an indictment for another sexually violent offense even mere moments after that conviction, could the defendant be sentenced as a sexually violent predator. The difference between one who was adjudicated a sexually violent predator and one who was not could exist only as the difference in whether an indictment was filed at 10:29 a.m. or 10:31 a.m. when a prior conviction was entered at 10:30 a.m.
 E. Conclusion {¶ 26} The plain language of R.C. 2971.01(H)(1), a comparison to various other specifications and statutory schemes, as well as the arbitrary and incongruous results which would result from requiring a prior conviction in this case lead us to disagree with the Reigle court. We, therefore, find that a defendant need not have a prior conviction for a sexually violent offense at the time of indictment in order for a sexually violent predator specification to attach under R.C. 2941.148(A). A conviction on the underlying offense is enough. We, therefore, overrule Defendant's first assignment of error.
 {¶ 27} Defendant's assignments of error are overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J. Concurs
Carr, P.J. Concurs in Judgment only
[1] The statute permits creation or possession of such material or performance in two situations which Defendant has not argued are applicable to this case. See R.C. 2907.323(A)(1) and (3).
[2] The Smith court followed Reigle without any separate analysis of its own regarding the statutory provisions. SeeSmith at ¶ 26.
[3] The Ohio Supreme Court has stated that:
"Because a defendant must be convicted of a sexually violent offense before he or she can be found guilty of a sexually violent predator specification, R.C. 2971.01(H)(1), if [he was not] convicted of one or more sexually violent offenses, the specifications would automatically have been dismissed. On the other hand, a conviction of one or more sexually violent offenses would trigger a proceeding to determine whether [that defendant] was also guilty of the attached sexually violent predator specifications." (Emphasis added.) State v. Jones,93 Ohio St.3d 391, 393, 2001-Ohio-1341.
[4] The legislature also used language relating to prior convictions in multiple other sections. For example, a habitual sex offender is one who "is convicted of * * * a sexually oriented offense" and "previously was convicted of * * * one or more sexually oriented offenses[.]" R.C. 2950.01(B). Also, a repeat violent offender is one who "has been convicted of" an enumerated offense and "previously was convicted of" any of other enumerated offenses. R.C. 2929.01(DD).