DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Russell Haven, appeals from his sentence in the Wayne County Court of Common Pleas. This Court reverses.
 I. {¶ 2} This Court detailed the procedural history of appellant's convictions in his initial appeal. See State v.Haven, 9th Dist. No. 02CA0069, 2004-Ohio-2512, at ¶ 2. In short, following a jury trial, appellant was convicted of one count of gross sexual imposition, four counts of illegal use of a minor in nudity-oriented material or performance, and one count of voyeurism. A subsequent bench trial was then held and appellant was adjudicated a sexually violent predator. On appeal, this Court affirmed appellant's convictions and sentence. The Ohio Supreme Court, however, reversed appellant's sentence on the authority of State v. Smith, 104 Ohio St.3d 106,2004-Ohio-6238. See State v. Haven, 105 Ohio St.3d 418,2005-Ohio-2286.
 {¶ 3} On July 12, 2005, the trial court held appellant's resentencing hearing. The trial court sentenced appellant as follows: four years incarceration for his gross sexual imposition conviction; seven years incarceration for one count of illegal use of a minor in nudity oriented material; one year each on the three remaining counts of illegal use of a minor in nudity oriented material; and sixty days on his voyeurism conviction. The trial court ordered that appellant's four-year term and his seven-year term be served consecutively with each other and concurrently with his remaining sentences. During the hearing, appellant objected to the imposition of consecutive sentences on the basis that it violated his constitutional rights. Thereafter, the trial court journalized its sentence. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT, IN VIOLATION OF MR. HAVEN'S RIGHT, PURSUANT TOBLAKELY V. WASHINGTON, TO HAVE A JURY MAKE FACT FINDINGS NECESSARY UNDER OHIO LAW TO IMPOSE MULTIPLE TERMS OF IMPRISONMENT."
 {¶ 4} In his sole assignment of error, appellant contends that the trial court erred in engaging in unconstitutional fact-finding when it imposed consecutive sentences. This Court agrees.
 {¶ 5} The Ohio Supreme Court reviewed Ohio's sentencing guidelines in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that portions of Ohio's felony sentencing statutes are unconstitutional and therefore void. Id. at paragraphs one through seven of the syllabus. Specifically relevant to the instant matter is the treatment of R.C. 2929.14(E)(4). The Foster Court found R.C. 2929.14(E)(4) unconstitutional and excised it from Ohio's sentencing guidelines. Id. at paragraphs three and four of the syllabus. TheFoster Court held that defendants with cases pending on direct review who were sentenced to consecutive sentences under R.C.2929.14(E)(4) were entitled to a new sentencing hearing. Id. at ¶¶ 104-105.
 {¶ 6} However, in State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, this Court found that a defendant was required to specifically object to the imposition of his sentence in order to preserve the Foster issue for review. Id. at ¶¶ 23-24. Herein, appellant objected to the imposition of his sentences on the grounds that it required the trial court to engage in unconstitutional fact-finding. Accordingly, appellant preserved the issue and pursuant to Foster, the matter must be remanded for resentencing. Foster at ¶ 104. Appellant's sole assignment of error is sustained.
 III. {¶ 7} Appellant's sole assignment of error is sustained. Appellant's sentence is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Slaby, P.J. Moore, J. concur.