PATRICIA ANN BLACKMON, J.:
{¶ 1} Defendant-appellant, city of Cleveland, appeals from the denial of its motion for summary judgment on the issue of political subdivision immunity in a personal injury action filed by plaintiff-appellee Steve Nolan ("Nolan"). The city assigns the following error for our review:
The city has political subdivision immunity as a matter of law pursuant to *1191 R.C. 2744 et seq. with regard to Nolan's allegations in his complaint.
{¶ 2} Having reviewed the record and the controlling case law, we affirm the decision of the trial court.
{¶ 3} In his complaint for relief, Nolan alleged that in May 2013, while he was walking across the tree lawn at 7117 Lockyear Avenue in Cleveland, he sustained injuries after he stepped onto the side of a "water meter vault cover/manhole cover" that was not secured, and "flipped around." Nolan alleged that the city and the city's Division of Water ("Water Department") were negligent and reckless for creating or permitting a dangerous condition, failure to inspect, failure to warn, and failure to maintain and repair the cover.
{¶ 4} The circumstances surrounding Nolan's injury were essentially undisputed and established that Nolan and his girlfriend, Charlene Wilson ("Wilson"), were parking his vehicle near the home of his friend, Kevin Bell ("Bell"). As he walked across the tree lawn, Nolan stepped onto an unsecured manhole cover and fell.
{¶ 5} The city moved for summary judgment. The city argued that the Water Department is not sui juris so it does not have the capacity to be sued and that the city is immune from liability under R.C. 2744.02 and 2744.03. The city maintained that property owners are responsible for maintenance and repair of meter vault covers/manhole covers pursuant to Cleveland Codified Ordinance ("CCO") 533.01(b), which provides in pertinent part:
New Connections.
* * *
(2) When vaults are required, they shall be furnished by the owner or customer and approved by the Commissioner.
Cleveland also submitted sample property owner repair notices that are used to apprise a property owner of needed repairs. These notices state that "[t]he property owner is responsible for repairs to the meter vaults and service pipes between the curb valve, (generally located within the tree lawn), and the building."
{¶ 6} In opposition, Nolan argued that the city operates the water department as a proprietary function and is not immune from negligently maintaining the area. He also presented evidence that prior to his injury, another individual, Desmond Richmond ("Richmond"), fell at the same spot twice and reported the problem to the city. After Nolan's injury, the city fixed the manhole cover.
{¶ 7} In a five-page opinion, the trial court determined that the Water Department is not a legal entity that is subject to suit, and it dismissed the Water Department from the action. However, the trial court rejected the city's remaining arguments in support of its motion for summary judgment. The court held that a plain reading of CCO 533.01 does not support the city's argument; the maintenance and operation of a municipal corporation water supply system is proprietary function of political subdivision under R.C. 2744.01(G)(2)(c) for which the city does not have immunity; and that the evidence presented by Nolan demonstrates that the manhole cover had been repaired and replaced by the city of Cleveland on at least one prior occasion.
Review of Summary Judgment
{¶ 8} In its assigned error, the city argues that the trial court erred in denying its motion for summary judgment because it is not liable for Nolan's injury.
{¶ 9} This court reviews a trial court's grant of summary judgment under the de novo standard. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to *1192 judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. , 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; Zivich v. Mentor Soccer Club , 82 Ohio St.3d 367, 370, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt , 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.
R.C. Chapter 2744
{¶ 10} The Ohio Supreme Court has set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: the first tier is to establish immunity under R.C. 2744.02(A)(1) ; the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. See Cater v. Cleveland , 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610 ; Hubbard v. Canton City School Bd. of Edn. , 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10-12. If a defense applies, then immunity is reinstated. Id. ; Fedarko v. Cleveland , 2014-Ohio-2531, 12 N.E.3d 1254, ¶ 10-12 (8th Dist.).
{¶ 11} In his complaint, Nolan alleged that the city negligently maintained and failed to repair the manhole cover and water vault within the immunity exception for proprietary functions set forth in R.C. Chapter 2744.
{¶ 12} In Fedarko , this court recently considered a city's liability for injuries incurred after the plaintiff stepped onto a manhole cover on a sidewalk that "gave way." In rejecting the city of Cleveland's claim of sovereign immunity, this court held:
R.C. 2744.01(G)(2)(c) provides that a "proprietary function" includes "[t]he establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a bus line or other transit company, an airport, and a municipal corporation water supply system." (Emphasis added.)
* * * The water meter vault, although abandoned, and the cover over the vault were established as part of the city's water system. Just because they were located on and under the sidewalk does not change this analysis.
* * * R.C. 2744.02(B)(2) exception to immunity as they would be part of the city's water system and, therefore, a proprietary function.
Fedarko at ¶ 13.
{¶ 13} Likewise, in this matter, we conclude that the manhole cover on which Nolan fell is part of the city's water system. It is also within the political subdivision's proprietary function within R.C. 2744.02(B)(2)'s exception to sovereign immunity.
{¶ 14} Accordingly, this portion of the assigned error is without merit.
CCO 533.01
{¶ 15} The city additionally argues that the trial court erred in concluding that the water vault and manhole cover that caused Nolan's injury are within the city's proprietary water system. The city asserts that in accordance with its home rule powers, it enacted CCO 533.01, in order to require the property owners to "furnish a water vault, if needed," and this establishes that the city does not own, and is not required to maintain water *1193 vaults and manhole covers within its water system. In opposition, Nolan argues that CCO 533.01 pertains to the installation of new connections and does not abrogate the city's general duty of maintenance and repair. Additionally, Nolan asserts that the city's interpretation of CCO 533.01 is contrary to R.C. 2744.01(G)(2)(d) that identifies a municipality's "maintenance, destruction, operation, and upkeep of a sewer system" as a political subdivision's proprietary function for which civil liability may attach.
{¶ 16} Section 4, Article XVIII, Ohio Constitution empowers Ohio municipalities to own and operate public utilities, including water and sewer systems, for the purpose of providing utility services to themselves and their residents. R.C. Chapter 743; Xenia v. Ohio , 140 Ohio App.3d 65, 69, 746 N.E.2d 666 (10th Dist.2000). It is settled law that municipalities have the duty to maintain their public sewer systems. Paul v. Semirale , 8th Dist. Cuyahoga No. 70438, 1996 WL 502143 (Sept. 5, 1996). However, municipalities are not generally obligated to maintain and repair lateral sewer lines on private property. Pfile v. Circleville , 4th Dist. Pickaway No. 03CA11, 2003-Ohio-7165, 2003 WL 23094871, ¶ 19 ; Fatobene v. Warren , 11th Dist. Trumbull No. 95-T-5269, 1996 Ohio App. LEXIS 1890 (May 10, 1996).
{¶ 17} Here, by its plain language, CCO 533.01 does not shift the duty of maintenance and repair of water vaults and manhole covers to the individual property owners, because the ordinance pertains to "new connections." As succinctly explained by the trial court:
A plain reading of [CCO 533.01(b) ] does not support the City's interpretation. The ordinance applies to new connections and simply allocates the cost and responsibility for supplying water vault in the event one is needed. Other ordinances specifically address existing connections and provide, for example, "[r]eplacement, repair and maintenance of metering devices shall be performed only by authorized employees of the Division or by other authorized representatives of the Division" and "The Division of Water, after notification to the owner, shall repair all private meters whenever deemed necessary, at the expense of the owner." CCO 533.01(c) and 533.14. Thus, the plain language of the ordinances does not support the City of Cleveland position that the property owner is responsible for inspecting, maintaining and repairing manholes, manhole covers, vaults and vault covers.
{¶ 18} Moreover, this matter does not involve damage due to a property owner's lateral sewer line. Rather, the undisputed facts indicate that Nolan was injured when he fell due to an unsecured manhole cover. Further, the evidence demonstrated that the city had previously repaired the area and that it also fixed the cover after Nolan's injury. Parenthetically, we also note that in Puffenberger v. Cleveland , 8th Dist. Cuyahoga No. 99660, the city conceded that the maintenance of a manhole located on a tree lawn "qualifies as a 'proprietary function.' " Id. at ¶ 9. CCO 625.22; CCO 625.23 (other code provisions prohibiting tampering with manhole covers).
{¶ 19} Accordingly, we conclude that CCO 533.01 does not operate to exclude the manhole cover and water vault from the scope of the city's water system.
{¶ 20} This portion of the assigned error is without merit.
{¶ 21} Judgment is affirmed.
EILEEN T. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR